CELEBREZZE, APPELLANT, *v.* NETZLEY ET AL., APPELLEES.

[Cite as Celebrezze *v.* Netzley (1990), 51 Ohio St. 3d 89.]

(No. 88-1755—Submitted March 6, 1990— Decided May 16, 1990.)

*Don C. Iler Co., L.P.A.,* and *Don C. Iler,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley, Louis Paisley* and *Hernan N. Visani,* for appellee Robert E. Netzley.

*Huffman, Landis & Weaks* and *Robert Huffman,* for appellee Miami County Republican Committee.

*Per Curiam.* The controlling issue in this case is whether the *denial* of a motion for summary judgment constitutes a final appealable order, pursuant to R.C. 2505.02, where such motion is premised upon the assertion of an absolute immunity from liability in defamation actions accorded under the First Amendment to expressions of opinion. For the reasons which follow, we answer such query in the negative, and thus reverse the decision of the court of appeals.

R.C. 2505.02 provides, in pertinent part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

An order, to be final, must fit into at least one of the three categories set forth in R.C. 2505.02. *General Electric Supply Co.* v. *Warden Electric, Inc.* (1988), 38 Ohio St. 3d 378, 528 N.E. 2d 195, syllabus.

The trial court's grant of summary judgment in favor of defendants Sharkey and the Plain Dealer "determine[d] the action" as to these parties, and was thus a final order pursuant to R.C. 2505.02. Together with the appropriate Civ. R. 54(B) language, it was a final appealable order, even though the summary judgment motions filed by appellees Netzley and the Committee were denied. *Noble* v. *Colwell* (1989), 44 Ohio St. 3d 92, 540 N.E. 2d 1381, at syllabus.

The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02. *Nayman* v. *Kilbane* (1982), 1 Ohio St. 3d 269, 271, 1 OBR 379, 380-381, 439 N.E. 2d 888, 890; *Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287, 16 O.O. 3d 329, 405 N.E. 2d 293, paragraph one of the syllabus; *State, ex rel. Overmeyer,* v. *Walinski* (1966), 8 Ohio St. 2d 23, 37 O.O. 2d 358, 222 N.E. 2d 312.[1] Further, as this court observed in *Noble, supra,* at 96, 540 N.E. 2d at 1385, the trial court's use of Civ. R. 54(B) language "does not turn an otherwise non-final order into a final appealable order."

Here, however, appellees argue, and the court of appeals held, that the trial court's order denying summary judgment on the ground that the alleged libelous statements were actionable statements of fact — not expressions of opinion — affects "a substantial right made in a special proceeding," and is thus a final order under the second category of R.C. 2505.02. There is little doubt that the denial of summary judgment below affects a substantial right, *i.e.*, the right to express one's opinion as guaranteed by the First Amendment to the United

---

[1] *State, ex rel. Overmeyer,* v. *Walinski, supra,* involved a publisher (Overmeyer) who had been named as a defendant in a libel action. Overmeyer had moved for summary judgment, which was denied by the trial court. Overmeyer then brought a mandamus action in this court, asserting that the judge had a mandatory duty to enter summary judgment on his behalf. This court denied the writ, citing the above authority that a denial of summary judgment is not a final order, and holding that mandamus cannot be used to create an appeal from an order which is not a final order. *Id.* at 23-24, 37 O.O. 2d at 358-359, 222 N.E. 2d at 312.

States Constitution and Section 11, Article I of the Ohio Constitution.

However, the order denying summary judgment was not "made in a special proceeding" as this court has previously construed that term. See, *e.g., General Acc. Ins. Co.* v. *Insurance Co. of North America* (1989), 44 Ohio St. 3d 17, 540 N.E. 2d 266, paragraph two of the syllabus (order in a declaratory judgment action); *Tilberry* v. *Body* (1986), 24 Ohio St. 3d 117, 24 OBR 308, 493 N.E. 2d 954 (order in a statutory dissolution of a partnership); *Humphry* v. *Riverside Methodist Hosp.* (1986), 22 Ohio St. 3d 94, 22 OBR 129, 488 N.E. 2d 877 (order compelling disclosure of confidential information); *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452 (certification of a class under Civ. R. 23[C]). Cf. *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 16 O.O. 3d 461, 406 N.E. 2d 532 (overruling a motion to disqualify counsel is *not* an order made in a special proceeding), and cases cited therein at 447, 16 O.O. 3d at 462-463, 406 N.E. 2d at 534. The court's order in this case was made in "a straightforward civil action," *Noble, supra,* at 94, 540 N.E. 2d at 1383, that is, one for defamation.

Nor is a denial of summary judgment converted into a "special proceeding" in and of itself by virtue of the First Amendment interest involved. The court of appeals seized upon our statement in *Scott* v. *News-Herald* (1986), 25 Ohio St. 3d 243, 250, 25 OBR 302, 307, 496 N.E. 2d 699, 705, that "[e]xpressions of opinion are generally accorded absolute immunity from liability under the First Amendment," and erroneously concluded that "[i]mmunity from damages necessarily includes immunity from trial." The court of appeals then analogized this case to federal cases permitting the interlocutory appeal of orders denying motions asserting an absolute or qualified immunity defense pursuant to the collateral order doctrine adopted in *Cohen* v. *Beneficial Indus. Loan Corp.* (1949), 337 U.S. 541, 546.

We do not rely upon these cases here. Under the federal collateral order doctrine, orders which do not terminate the proceedings in the district court are final and appealable for purposes of Section 1291, Title 28, U.S. Code, if they (1) conclusively determine the disputed question, (2) resolve an important issue *completely separate* from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand* v. *Livesay* (1978), 437 U.S. 463, 468. This doctrine involves judicial construction of the federal final order statute and is thus not applicable to the states, although a state may of course adopt a similar rule under its own statutes. *Borman* v. *Borman* (1979), 378 Mass. 775, 393 N.E. 2d 847. This court has not adopted a similar collateral order rule, and even if we had, this case would not come within the ambit of such rule.

First, the issue presented in this case is not "completely separate from the merits of the action." Indeed, the question of whether appellees' statements constituted opinion or fact is an essential issue in every defamation action — it is not a collateral issue. See *Van Cauwenberghe* v. *Biard* (1988), 486 U.S. 517, 527-530 (denial of a motion to dismiss on the ground of forum non conveniens is not completely separate from the merits of the action and thus is not immediately appealable under the collateral order doctrine).

Second, the issue presented by appellees' motions for summary judgment is not "effectively unreviewable on appeal from a final judgment." Each of the cases relied upon by the

court of appeals dealt with immunity from *suit* rather than defense to liability. See *Nixon* v. *Fitzgerald* (1982), 457 U.S. 731 (absolute Presidential immunity); *Smith* v. *McDonald* (C.A.4, 1984), 737 F. 2d 427, affirmed *sub nom. McDonald* v. *Smith* (1985), 472 U.S. 479 (absolute immunity); *Kennedy* v. *Cleveland* (C.A.6, 1986), 797 F. 2d 297; *Mitchell* v. *Forsyth* (1985), 472 U.S. 511 (qualified immunity of Attorney General from suit).

"The critical question, following *Mitchell,* is whether 'the essence' of the claimed right is a right not to stand trial. * * * This question is difficult because in some sense, all litigants who have a meritorious pretrial claim for dismissal can reasonably claim a right not to stand trial. But the final-judgment rule requires that except in certain narrow circumstances in which the right would be 'irretrievably lost' absent an immediate appeal, *Richardson-Merrell, Inc.* v. *Koller,* 472 U.S. 424, 431 (1985), litigants must abide by the district court's judgments, and suffer the concomitant burden of a trial, until the end of proceedings before gaining appellate review." *Van Cauwenberghe, supra,* at 524. Thus, the focus of the federal cases is whether the *individual* has a right not to stand trial simply because of *who* he is, *e.g.,* whether he is protected from standing trial because of an immunity attaching to the office he holds. *Nixon, supra; Mitchell, supra.* The "essence" of this *personal* immunity, for example, that the President of the United States is absolutely immune from being haled into court for all acts within the outer perimeters of his duties of office "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell, supra,* at 526.

The "essence" of the claimed "immunity" in the case before us today is that when a person, any person, is haled into court on a libel claim he will not be *liable* for his actions or statements if they constitute protected opinion rather than assertions of fact. Such a claimed right is not lost if a motion for summary judgment fails and a trial ensues. The right to be free from *liability* for expressions of opinion can certainly be vindicated on appeal. The issue is eminently reviewable on appeal from final judgment, and thus is not an immediately appealable collateral order.[2]

For this same reason, the denial of summary judgment in defamation actions is not "an order made in a special proceeding," pursuant to R.C.

---

[2] This was at least implicitly recognized by the court in *Time, Inc.* v. *McLaney* (C.A. 5, 1969), 406 F. 2d 565, 566, where, in a libel action against a magazine publisher, the district court denied the publisher's motion for summary judgment, and the publisher appealed:

"We are here presented with an unusual appeal, since it has heretofore hardly ever fallen to the lot of this court to consider an appeal from the *denial* by the trial court of a motion for summary judgment. Prior to the adoption by the Congress of the 1958 Amendment to 28 U.S.C.A. § 1292, by adding Section (b), no appeal could be taken from such an order by the trial court because it was not a 'final order.' Now, however, this court has jurisdiction to entertain such an appeal when the provisions of Section (b) are complied with.

"Here the trial court made the required certificate and this court, on December 7, 1967, entered its order granting the application provided for under Section 1292(b)." (Emphasis *sic*.)

We hasten to add that in addition to the federal collateral order rule being of no effect in this state, our Appellate Rules do not contain a mechanism for certification by the trial court of non-final, interlocutory appeals analogous to Section 1292(b), Title 28, U.S. Code. See App. R. 4(A).

2505.02, for " '[a] prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment. * * *' " *Amato, supra,* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 455-456, quoting *Bernbaum, supra,* at 447, 16 O.O. 3d at 463, 406 N.E. 2d at 534.

To hold, as did the court below, that the denial of a motion for summary judgment in a defamation action is a final appealable order would invite a multitude of interlocutory appeals in civil actions of all types, under the guise that such rulings were made in "special proceedings." This court has been quite careful in the past to avoid such a result. See *Amato, supra,* at 257, 21 O.O. 3d at 161, 423 N.E. 2d at 455; *Bernbaum, supra,* at 447, 16 O.O. 3d at 463, 406 N.E. 2d at 534. Appellees' claim is not in the nature of an immunity from *suit,* but is simply an assertion of a defense on the merits of the action itself. If a trial court determines, as here, that a genuine issue exists as to whether the allegedly libelous statements were not protected expressions of opinion, then summary judgment must be denied, and such denial "is reviewable on appeal by the movant [only] from a subsequent adverse final judgment." *Balson* v. *Dodds, supra,* at paragraph one of the syllabus.

Because the denial of appellees' motions for summary judgment was not made in a special proceeding and is not otherwise a final appealable order, the court of appeals was without jurisdiction to hear appellees' appeals. Accordingly, the judgment of the court of appeals applicable to appellees is reversed, and the cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

HOLMES, Acting C.J., GLASSER, CACIOPPO, H. BROWN and RESNICK, JJ., concur.

PUTMAN and SHANNON, JJ., dissent.

NORMAN J. PUTMAN, J., of the Fifth Appellate District, sitting for MOYER, C.J.

RAYMOND E. SHANNON, J., of the First Appellate District, sitting for SWEENEY, J.

GEORGE M. GLASSER, J., of the Sixth Appellate District, sitting for DOUGLAS, J.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting for WRIGHT, J.

PUTMAN, J., dissenting. I must respectfully dissent. The fear that judges will have to work harder cannot be permitted to stifle robust political criticism of the judiciary. This lawsuit brought by a former member of the judiciary seeking to punish in the courts a citizen who had been critical was doomed to failure when, after it was filed, the United States Supreme Court, on February 24, 1988, decided *Hustler Magazine* v. *Falwell* (1988), 485 U.S. 46.

However despicable or unjustified it may be, political criticism must remain free from the expense of avoidable repetitive litigation.

The First Amendment's guarantee of free speech carries with it the mandate that the channels for political change be left open. Apprehension of the expense of defending libel suits imposes a self-censorship upon political critics.

I would find jurisdiction to have existed in the court of appeals from

Section 3(B)(1)(f), Article IV of the Ohio Constitution, "original jurisdiction * * * [i]n any cause upon review as may be necessary to its complete determination," and put a merciful rest to this lawsuit.

The majority opinion elevates form over substance. When this case goes back for trial, there can be only one outcome if the trial court applies the law correctly. The court of appeals has already reached the correct conclusion. It had jurisdiction directly from a constitutional amendment adopted May 7, 1968. No issue of "special proceeding" or Civ. R. 54(B) is involved. The judiciary must not let itself fall into slumber only to wake to find itself tethered by Lilliputians with bonds fashioned from the remnants of outmoded ritual. The visionaries who drew Section 3(B)(1)(f), Article IV must have foreseen what we have before us in this case. The end to be suffered by plaintiff is, in law, inevitable. Let his case be interred decently now. No purpose is served by wringing hands in helpless piety at the graveside.

The polestar that should guide our judgment is not whether the "floodgates" of appeals are opened but whether the "floodgates" for free speech are kept open.

SHANNON, J., concurs in the foregoing dissenting opinion.