OPINION
Defendant Cuyahoga County Department of Children and Family Services appeals from the judgment of the trial court which denied its motion for summary judgment in Marlene Taylor's action for the wrongful death of Kia Taylor[1] and other causes of action. For the reasons set forth below, we dismiss this appeal for lack of a final appealable order.
The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02. Celebrezze v. Netzley
(1990), 51 Ohio St.3d 89, 90. The county contends, however, that the trial court's denial of its motion for summary judgment is a final, appealable order under R.C. 2744.02(C).
Effective January 27, 1997, the General Assembly amended R.C.2744.02 to add paragraph (C), which provides:
 "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity as provided in Chapter 2744 or any other provision of the law is a final order."
Also effective January 27, 1997, R.C. 2501.02 was amended by adding the language underlined below:
 In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court [of appeals] shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent child and including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744 or another provision of the Revised Code, for prejudicial error committed by a lower court of that nature.
As the court observed in Haynes v. City of Franklin (Oct. 18, 1999), Warren App. No. CA99-02-023, unreported, this portion of R.C. 2744.02(C) and the amendment of R.C. 2501.02 were part of Am.Sub.H.B. No. 350 which the Supreme Court of Ohio declared "unconstitutional in toto" on August 16, 1999 in State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451. Accord Thomas Vending, Inc. v. Slagle (Sep. 24, 1999), Marion App. No. 9-99-16, unreported.
It is well-established that a decision of the Supreme Court of Ohio striking down a statute as unconstitutional is to be given retrospective application. Wendell v. Ameritrust Co., N.A.
(1994), 69 Ohio St.3d 74, 77. Thus, R.C. 2744.02(C) cannot be relied upon herein. Plaintiff insists that R.C. 2744.02(C) has been re-enacted because the legislature has enacted Am.H.B. 215 which amended portions of R.C. 2744.02, other than R.C. 2744.02(C). We reject this claim. In Ex Parte Hesse (1915), 93 Ohio St. 230,234-235, the Supreme Court stated as follows:
 Section 16, Art. 2, of the Constitution requires that, where a law is amended, the new act shall contain the section or sections amended, and the section or sections so amended shall be repealed. In compliance with this the General Assembly, when it amended section 13423, did repeal the section as it existed prior thereto. It is to be remembered that the only change made in the statute was the addition of two classes of misdemeanors. The provisions contained in the act as amended which were in the original act are not considered as repealed and again re-enacted, but are regarded as having been continuous and undisturbed by the amendatory act. In re Allen, 91 Ohio St. 315, 110 N.E. 535. The amendment was not with respect to the feature of the section which confers jurisdiction on justices of the peace within their respective counties in cases pertaining to the violation of a law relating to the prevention of cruelty to animals and children and the other 12 classes of cases; that remained in legal effect as first enacted, and it is not correct to assume that it is in that respect a new statute or a later statute than the sections of the municipal court act which we are considering.
Accord State ex rel. Taylor v. Cowen (1917), 96 Ohio St. 277, 282. Thus, it is not correct to assert that R.C. 2744.02(C) is now a new enactment which is unaffected by the Sheward decision.
We must therefore apply R.C. 2505.02 in order to determine whether the trial court's denial of the city's motion for summary judgment was a final, appealable order. Accord Haynes v. City ofFranklin, supra.
R.C. 2505.02 sets forth the following criteria for determining whether an order is a final appealable order:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgement;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy;
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
As to whether the challenged order is a final order pursuant to R.C. 2505.05.02(B)(1), it is clear that the denial of a motion for summary judgment does not determine the action or prevent a judgment. Haynes v. City of Franklin, supra. Thus, the order was not a final, appealable order pursuant to R.C. 2505.02(B)(1).
As to R.C. 2505.02(B)(2), it is clear that the order was not entered upon summary application in an action after judgment, or in a special proceeding. Id.
The challenged order did not set aside a judgment or grant a new trial and is therefore not appealable pursuant to R.C.2505.02(B)(3).
As to whether the challenged order grants or denies a provisional remedy that determines the action or prevents a judgment as to that provisional remedy and denies the appealing party a meaningful or effective remedy by appeal, it is clear that summary judgment is not a provisional remedy. Bishop v. DresserIndustries, Inc. (Oct. 21, 1999), Marion App. No. 9-99-31, unreported; Tribett v. Mestek, Inc. (March 18, 1999), Jefferson App. No. 99, unreported (en banc). The Tribett court stated:
 A grant of summary judgment is fully determinative of the underlying litigation. It could very well resolve all claims between the litigants or several of the litigants involved. Its very term grants judgment on pending claims. It is not an ancillary proceeding addressing a specific or limited issue involved and does not meet the definitional criteria of a "provisional remedy."
Further:
 Assuming, arguendo, that the statutory immunity defense set forth in R.C. Chapter 2744 is a provisional remedy, we nevertheless find that the trial court's denial of the city's motion for summary judgment is not a final, appealable order under R.C. 2505.02(B)(4) because it does not meet the requirements of R.C. 2505.02(B)(4)(b). Under this provision, it must be found that the appealing party would not be afforded a meaningful or effective remedy from an appeal following the conclusion of the primary action. The essence of the claimed immunity in the case at bar is that when a political subdivision or its employees are haled into court on a negligence claim, they will not be liable for their actions if they constitute protected actions under R.C. Chapter 2744. "Such a claimed right is not lost if a motion for summary judgment fails and a trial ensues. The right to be free from liability * * * can certainly be vindicated on appeal. The issue is eminently reviewable on appeal from final judgment * * *." Celebrezze [v. Netzley (1990)], 51 Ohio St.3d at 92, 554 N.E.2d 1292. Indeed, if the trial court is later found to have erred in finding that the statutory immunity of R.C. Chapter 2744 did not apply, its judgment would be reversed and the cause would be remanded to the trial court. As a result, the trial court's order is not a final, appealable order under R.C. 2505.02(B)(4).
Haynes v. City of Franklin, supra.
Similarly, as the court stated in Bishop v. DresserIndustries, Inc., supra:
 Even assuming arguendo, that the denial of the immunity claim by summary judgment was a provisional remedy, R.C. 2505.02(B)(4)(b) still operates to preclude appellate review at this juncture. Appellate resolution of the immunity issue prior to trial does not serve the interest of judicial economy; it instead invites piecemeal litigation. The Appellants herein are at least equally "afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action." Therefore, the trial court's order would not be a final appealable order because it fails to meet the requirement of R.C. 2505.02(B)(4)(b).
Finally, the challenged order did not determine that the action may or may not be maintained as a class action and jurisdiction is therefore not appealable pursuant to R.C. 2505.02(B)(5).
In light of all of the foregoing, the judgment of the trial court which denied defendant's motion for summary judgment is not a final appealable order and we therefore must dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
It is ordered that appellees recover of appellants, their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J. and ANNE L. KILBANE, J., concur.
[1] Kia was apparently placed in the legal custody of her aunt, Joanne Givens, and later died.