OPINION
Defendants-appellants the Village of Cardington, et al. (hereinafter "appellant") appeal the August 4, 1999 Amended Journal Entry entered by the Morrow County Court of Common Pleas, overruling their Motion for Summary Judgment. Plaintiffs-appellees are William H. Christian, et al. (hereinafter "appellees").
 STATEMENT OF THE CASE
On February 4, 1992, appellees filed a wrongful death complaint in the Morrow County Court of Common Pleas, naming appellants as defendants. The complaint alleged appellants' negligence due to the failure to install and maintain safety precautions, including safety barriers around a drainpipe extending across the Whetstone Creek, and due to the maintenance of an attractive nuisance was the proximate cause of the death of appellees' son, Patrick. Appellants filed a timely answer asserting six affirmative defenses, including sovereign immunity. Following discovery, appellant filed a Motion for Summary Judgment, arguing they were immune from liability pursuant to R.C. 2744. Via Journal Entry filed July 16, 1999, the trial court denied and overruled appellants' motion. Subsequently, on August 4, 1999, the trial court filed an Amended Journal Entry "to accurately reflect all of the issues raised in [appellants'] motion for summary judgment." Neither the trial court's July 16, 1999 Journal Entry nor the August 4, 1999 Amended Journal Entry included Civ.R. 54(B) language indicating "no just reason for delay." Appellants filed the instant appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN CONCLUDING THAT DEFENDANTS VILLAGE OF CARDINGTON, BILLY MAY AND THOMAS DANIEL ARE NOT IMMUNE FROM PLAINTIFFS' CLAIMS OF ATTRACTIVE NUISANCE AND NEGLIGENCE UNDER R.C. 2744.01, ET SEQ.
Before we address appellants' assignment of error, we must first determine whether the order appealed from, i.e., the trial court's denial of appellants' motion for summary judgment, is a final, appealable order as defined by R.C. 2505.02. General Acc. Ins. Co. v. Insurance Co. of North Am. (1989), 44 Ohio St.3d 17, 20. "The denial of a motion for summary judgment does not determined the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. Nevertheless, the General Assembly amended R.C. 2744.02 to add paragraph (C), which states: An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity as provided in Chapter 2744 or any other provision of the law is a final order.
The addition of R.C. 2744.02(C) to R.C. Chapter 2744 was part of Am. Sub. H.B. 350 which became effective on January 27, 1997. However, on August 16, 1999, the Ohio Supreme Court declared Am. Sub. H.B. 350 "unconstitutional in toto." State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1990), 86 Ohio St.3d 451. It is well established a decision of the Ohio Supreme Court striking down a statute as unconstitutional is generally given retrospective application. Wendell v. Ameritrust Co., N.A. (1994),69 Ohio St.3d 74, 77. The Sheward decision, therefore, has the retroactive effect of barring application of R.C. 2744.02(C) in the instant action. The Ohio Supreme Court has effectively returned the law relative to final, appealable orders to its status prior to the adoption of R.C. 2744.02(C). Upon review of R.C. 2505.02, we find the August 4, 1999 Amended Journal Entry does not constitute a final, appealable order. Thus, we have no jurisdiction to review the instant matter.
Accordingly, the instant appeal is dismissed. Accord: Burger v. City of Cleveland Hts. (1999), 87 Ohio St.3d 188.
EDWARDS, P.J. and READER, V.J. CONCUR.