JOURNAL ENTRY AND OPINION
These consolidated appeals arise from a personal injury action filed by a student and her parents against an alleged rapist, a school district, one of its employees, and her spouse. The claims stem from a crime in which a volunteer sexually assaulted a student during an extra-curricular activity at the employee's residence.
During the course of the proceedings, the school district, Mayfield City Board of Education (Mayfield), and its employee, Marlane Renner, filed motions for summary judgment arguing they were not liable for the criminal rape, because inter alia, they had immunity under the Ohio Political Subdivision Tort Liability Act. R.C. 2744.01 et seq.; see also e.g., Hodge v. City of Cleveland
(Oct. 22, 1998), Cuyahoga App. No. 72283, unreported. The trial court denied their motions for summary judgment.
There have been no proceedings on the substantive claims against these two defendants or the remaining two defendants, Dr. Renner, or the alleged rapist, Michael Washlock. Nor does the trial court's journal entry denying summary judgment contain a Civ.R. 54(B) certification of no just reason for delay of an appeal.
Mayfield and Marlane Renner, nevertheless, filed notices of appeal from the denial of their motions for summary judgment. This court of appeals consolidated the two appeals for hearing, briefing, and disposition. Before addressing the merits of the parties' respective arguments, however, this court must address our jurisdiction in these appeals.
Plaintiffs filed a motion to dismiss the appeals for lack of a final appealable order.[1] Mayfield and Marlane Renner each opposed the motion to dismiss. We find that the order denying Mayfield and Marlane Renner's motions for summary judgment is neither final nor appealable.
Recent statutory amendments which classify orders denying sovereign immunity to political subdivisions and their employees as final orders have been found invalid and, therefore, do not confer jurisdiction over these appeals.
Effective January 27, 1997, Am.Sub.H.B. No. 350 (House Bill 350") amended R.C. 2744.02 and defined a final order in part as follows:
 (C) An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744 or any other provision of the law is a final order.
House Bill 350 also amended R.C. 2501.02 to include appellate court jurisdiction over judgments or final orders.
The Ohio Supreme Court, however, subsequently found House Bill 350 unconstitutional in toto. State ex rel. Ohio Academy of TrialLawyers v. Sheward (1999), 86 Ohio St.3d 451, syllabus paragraph three. As a result, the amendments to R.C. 2744.02(C) and R.C.2501.02 are invalid and, therefore, do not confer jurisdiction over appeals from orders denying immunity. E.g., Burger v. ClevelandHeights (1999), 87 Ohio St.3d 188; Braden v. Cleveland Board ofEducation (1999), 87 Ohio St.3d 207.[2]
Absent some other applicable statutory basis for asserting jurisdiction, we lack jurisdiction to review interlocutory orders denying summary judgment on immunity grounds. It is well Braden v. Cleve
established that orders denying motions for summary judgment are not final orders. Celebrezze v. Netzley (1990), 51 Ohio St.3d 89,90; State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. Before the House Bill 350 amendments to R.C. 2744.02(C) and R.C.2501.02, courts uniformly dismissed appeals from the denial of summary judgment on immunity grounds.
Neither Mayfield nor Marlane Renner has shown that an order denying immunity otherwise qualifies as a final order under R.C.2505.02. Haynes v. City of Franklin (Oct. 18, 1999), Warren App. No. CA99-02-023, unreported, recently summarized the relevant principles and specifically concluded that an order denying immunity did not satisfy any of the five categories of final appealable orders listed in R.C. 2505.02.
Because the only potentially applicable category of final order is the one recently adopted for provisional remedies set forth in R.C. 2505.02(A)(4), effective July 22, 1998, we limit our discussion to this provision. We agree with the Eleventh District Court that denial of a sovereign immunity defense does not satisfy the requirements of this provision.[3] Although the order would determine the action with respect to the provisional remedy as required by R.C. 2505.02(A)(4)(a), an appealing party could be afforded a meaningful and effective remedy by appeal following final judgment on all matters in the action. R.C.2505.02(A)(4)(b). Id. at 4; Taylor v. County of Cuyahoga, supra,
at 3.
Finally, even if the order denying immunity in the case at bar satisfied statutory requirements contrary to our holding above, the order in the case at bar is nevertheless not immediately appealable because it did not resolve all claims among all parties or contain an express certification of no just reason for delay of the appeal under Civ.R. 54(B). Malloy v. Brennan (Mar. 25, 1999), Cuyahoga App. No. 75183, unreported at 4-6.
Accordingly, these consolidated appeals are hereby dismissed.
It is ordered that appellee(s) recover of appellant(s) their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and TERRENCE O'DONNELL, J., CONCUR.
 ______________________ DIANE KARPINSKI, JUDGE
[1] For the reasons set forth in this opinion, we grant the motion to dismiss the appeals, Motion No. 97100, by separate journal entry.
[2] R.C. 2744.02 was also amended after House Bill 350. However, this amendment, in Am.Sub.H.B. No. 215 (House Bill 215"), effective June 30, 1997, was to subsection (B)(2) and did not re-enact or re-adopt R.C. 2744.02(C). We have specifically held that this subsequent amendment was not sufficient to render orders denying immunity immediately appealable final orders. See Darst v. BayVillage Bd. Of Educatiom (Nov. 22, 1999), Cuyahoga App. No. 76091, unreported, reconsideration denied, (Dec. 10, 1999) Motion No. 12347;Taylor v. County of Cuyahoga (Jan. 20, 2000), Cuyahoga App. No. 75473, unreported.
[3] It is not clear whether an order denying a motion for summary judgment constitutes a provisional remedy. A provisional remedy is defined as a proceeding ancillary to an action. R.C.2505.02(A)(3). In an analogous context of workers' compensation immunity, courts have held that consideration of a motion for summary judgment is not ancillary. Nor is it provisional * * *[;] [i]t is the remedy. Bishop v. Dresser Indus., Inc. (Oct. 21, 1999), Marion App. No. 9-99-31, unreported at 2. We make no ruling on this issue, however, and assume without deciding, for purposes of our analysis, that an order denying political subdivision immunity is an ancillary proceeding.