DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, which denied in part and granted in part a motion for summary judgment filed by appellants Kari L. Schmitz and Jeffrey Schmitz.
Appellants appeal from a judgment entry which denied them, inter alia, summary judgment on their ERISA claim. The history of this appeal begins on April 28, 1999, when appellants filed a notice of appeal from the trial court's April 1, 1999 opinion and judgment entry denying summary judgment to appellants on their breach of contract, fraudulent misrepresentation, bad faith, and ERISA claims. On May 12, 1999, this court dismissed appellants' appeal, stating that the denial of a motion for summary judgment is not a final and appealable order. SeeSchmitz v. Carpenter (May 12, 1999), Lucas App. No. L-99-1139, unreported.
After this court dismissed the appeal, appellants filed with the trial court a "Motion for Nunc Pro Tunc Order and Journal Entry," seeking to have the trial court add Civ.R. 54(B) language to its April 1, 1999 judgment entry or seeking to have the trial court add a statement to that judgment entry that all issues in the case have been disposed of. On October 15, 1999, the trial court filed a "Nunc Pro Tunc Order [and] Opinion and Journal Entry." The judgment entry of October 15, 1999 stated, in part: " * * * [T]his order fully and completely finalizes all claims, including counter claims filed herein, and * * * [p]ursuant to C. Rule 54(B) * * * there is no just reason for delay and * * * this is, therefore, a final appealable order." Appellants then filed the instant appeal, assigning as error the trial court's denial of their motion for summary judgment on their ERISA claim. Denial of a motion for summary judgment is not a final and appealable order. See, e.g., Abuhamed v. Natl. Investment Ctr., Inc. (Dec. 3, 1999), Lucas App. No. L-99-1186; Celebrezze v. Netzley (1990), 51 Ohio St.3d 89,90, certiorari denied (1990), 498 U.S. 967. The inclusion of Civ.R. 54(B) language into a judgment entry does not convert an otherwise non-final order into a final and appealable one. Id. In addition, though the trial court stated in its October 15, 1999 nunc pro tunc judgment entry that the order "fully and completely finalizes all claims," it appears that the bad faith claim remains outstanding. Therefore, in this case, the order denying summary judgment to appellants on the ERISA claim will become final and appealable only if appellees move for summary judgment on the ERISA claim, the trial court grants that motion, and, if the bad faith claim remains outstanding at that time, the trial court adds to the judgment entry language pursuant to Civ.R. 54(B) that there is no just reason for delay.
Because appellants do not appeal from a final and appealable order, this appeal is dismissed. Appellants are ordered to pay the court costs of this appeal.
 ______________________ PIETRYKOWSKI, J.
 Melvin L. Resnick, J., Richard W. Knepper, P.J., JUDGES CONCUR.