[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This case is before the court on motion of appellee, Marilyn Mickel, to dismiss the appeal filed by appellant, Sara Sodd. Sodd was named as a defendant both personally and in her capacity as a caseworker for Lucas County Children's Services Board ("CSB") in an action for personal injuries to a child allegedly sustained while he was in foster care under the supervision of CSB. Sodd filed a notice of appeal from a decision of the trial court which denied her motion for summary judgment on the issue of "absolute prosecutorial immunity." Sodd's position is that while she is acting in her official capacity as a caseworker for CSB she is absolutely immune from liability arising from those actions. The trial court held that Sodd is not entitled to absolute immunity because her alleged misconduct does not involve a prosecutorial function. Appellant has filed a memorandum in opposition to the motion to dismiss and appellee has filed a reply in support of her motion to dismiss. For the reasons that follow, we find the motion well-taken.
The denial of a motion for summary judgment is generally not subject to immediate appeal. Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, rehearing denied (1990), 52 Ohio St.3d 710, certiorari denied (1990),498 U.S. 967 (The denial of a motion for summary judgment premised on absolute immunity under the first amendment's freedom to express opinion is not immediately appealable.) Appellant argues that in the present case an immediate appeal should be allowed because "absolute immunity is recognized as an entitlement not to stand trial, * * * [t]he entitlement is an immunity from suit rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." Appellant cites various federal cases to support this contention. However, Ohio law regarding what is and what is not a final appealable order is not governed by the federal courts' interpretations of the federal rules of procedure.
In Ohio, it has been clearly stated by the Supreme Court of Ohio that a denial of a motion for summary judgment is not a final appealable order.Celebrezze v. Netzley, supra. Further, in Stevens v. Ackman (2001),91 Ohio St.3d 182 the court specifically found that the denial of a summary judgment motion on the issue of governmental immunity is not a final appealable order.
Accordingly, the motion is granted and this appeal is ordered dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.