OPINION
Defendants-appellants Eugene M. Holbrook, et al. appeal the October 10, 2001 Judgment Entry of the Richland County Court of Common Pleas, which denied their motion for summary judgment. Plaintiffs-appellees are Jennifer C. Saum, et al.
 STATEMENT OF THE FACTS AND CASE
On November 24, 1999, appellees filed a complaint for personal injury in the Richland County Court of Common Pleas, which was given Case No. 99-860-H. The trial court dismissed the complaint on May 26, 2000, due to appellees' counsel's failure to comply with discovery orders and attend scheduling conferences. In its judgment entry dismissing appellees' complaint, the trial court did not specify whether the dismissal operated as an adjudication upon the merits, or otherwise than on the merits.
After obtaining new counsel, appellees refiled the complaint on May 25, 2001, in Case No. 01-477-H. Appellants filed a motion for summary judgment, alleging there were no genuine issues of material fact in dispute as the statute of limitations for the filing of the complaint had expired, and the trial court's dismissal entry in Case No. 99-860-H isres judicata; therefore, appellees were not entitled to recommence their action. Via Judgment Entry filed October 10, 2001, the trial court overruled appellants' motion for summary judgment, noting the dismissal in Case No. 99-860-H was without prejudice; therefore, appellees were entitled to refile the complaint within one year of the dismissal.
It is from the trial court's October 10, 2001 Judgment Entry appellants appeal, raising the following as their sole assignment of error:
 THE COURT'S JUDGMENT ENTRY OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHICH MOTION WAS PREDICATED UPON RES JUDICATA, WAS ERRONEOUS IN THAT IT RULED THAT THE DISMISSAL OF PRIOR CASE NUMBER 99-860-H WAS WITHOUT PREJUDICE WHEN THE COURT'S JUDGMENT ENTRY DISMISSING PRIOR CASE, 99-860-H, WAS IN FACT AND LAW, ON THE MERITS, WITH PREJUDICE AND BARRED PLAINTIFFS FROM REFILING THE INSTANT ACTION UNDER R.C. 2305.19 (THE SAVINGS STATUTE).
 I
We need not reach the merits of appellants' sole assignment of error, which attempts to appeal the trial court's denial of their motion for summary judgment. It is well settled in Ohio a decision denying a motion for summary judgment does not constitute a final appealable order, except for limited statutory exceptions, none of which are applicable herein.[1]
This Court does not have jurisdiction to review appellants' challenge to the denial of their motion for summary judgment.
By: HOFFMAN, P.J. GWIN, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is ordered dismissed for lack of jurisdiction. Costs assessed to appellant.
[1] Celebrezze v. Netzley (1990), 51 Ohio St.3d 89; State ex rel.Overmyer v. Walinski (1966), 8 Ohio St.2d 23.