This matter comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Frank Rulli (hereinfter "Frank") appeals the decision of the Mahoning County Court of Common Pleas denying his motion for default judgment against the Defendant-Appellee, Nick Rulli (hereinafter "Nick"). Although Frank raises other issues for our consideration, we must first resolve whether the instant appeal arises from a final appealable order. Because we conclude the judgment denying Frank's Motion for default judgment is not a final appealable order, we lack jurisdiction to address the merits of this appeal. For the following reasons, we dismiss Frank's appeal and remand this case to the trial court for further proceedings.
This appeal stems from a complex procedural history arising from a lawsuit filed in 1994. For the sake of clarity, we will set from only those facts pertinent to our review. Frank, Nick, and Anthony Rulli (hereinafter "Anthony") are brothers, each holding one-third of the total outstanding shares of Rulli Bros. Inc.(hereinafter "the Corporation"), an Ohio corporation. Frank, Anthony, and Nick also each own a one-third interest the FAN Co.(hereinafter "the Partnership"), an Ohio general partnership engaged in the business of leasing real estate to Rulli Bros. Inc.
On March 2, 1994 Frank filed a complaint against Nick and Anthony, alleging that as majority shareholders and directors of the Corporation, they willfully and repeatedly violated their fiduciary duties toward Frank and the Corporation by diverting corporate assets to themselves. During the course of litigation Frank discovered his brothers allegedly caused the Partnership to stop collecting rent from the Corporation which constituted an additional violation of the brothers fiduciary duties owed to Frank.
On June 7, 1999, Frank filed a motion for leave to amend the complaint in order to assert the additional claim against his brothers and to seek a dissolution of the partnership. On July 23, 1999, the trial court granted Frank's motion and incorporated into its August 16, 1999 judgment entry the "agreement and stipulation" reached by both parties regarding the amendment. Frank's amended complaint was filed on August 24, 1999. When no responsive pleading had been filed after 13 months, Frank moved for default judgment.
On December 15, 2000, the trial court did not grant the motion for default judgment but instead vacated its August 16, 1999 order granting Frank leave to file his amended complaint. The trial court explained the document Frank had filed was not an amended complaint but a supplemental pleading which did not require a response from the defendants. On May 23, 2001, the trial court entered a judgment nunc pro tunc to include the Civ.R. 54(B) language "there is no just reason for delay," for the sole purpose of allowing Frank the opportunity to pursue an immediate appeal of the denial of default judgment. From this judgment, Frank timely filed a notice of appeal.
As his two assignments of error, Frank asserts:
 "The trial court erred in ruling that Plaintiff could not raise a new cause of action in an amended complaint."
 "The trial court erred in refusing to grant Appellant's Motion for Default Judgment against Appellee Nick Rulli."
Before reaching the merits of these assignments, we must first determine whether the judgment from which Frank has appealed constitutes a final appealable order.
The trial court's nunc pro tunc journal entry amended its original entry denying Frank's motion for default language to include the language "no just reason for delay." However, the phrase is not a mystical incantation that transforms a non-final order into a final appealable order. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86. The Supreme Court of Ohio has set forth a two pronged analysis we must apply when determining whether an order constitutes a final appealable order under Civ.R. 54. See Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352. We must determine first whether the order constitutes a final order as defined by R.C. 2505.02, and second, whether the trial court's designation that "there is no just cause for delay" was appropriate. Id. at 354.
An order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). When considering whether the order determines an action and prevents a judgment, the question is whether, in light of the order, the plaintiff may still obtain a judgment in the matter against the defendant. Id. at 355. We conclude a trial court's denial of default judgment is analogous to a denial of summary judgment. "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90,554 N.E.2d 1292. While the trial court's judgment in this case denied Frank an immediate remedy much like the denial of summary judgment, it plainly did not determine the action or prevent a judgment. The trial court has made a determination that may prolong the litigation of Frank's suit, however, it by no means decides the case. Frank could still prevail at trial upon the merits of his underlying cause of action.
Because the denial of default judgment merely affords the defendant his day in court, we hold the trial court's denial of the motion to be interlocutory. As such, it is unnecessary for this court to continue our analysis under Civ.R. 54(B). Regardless of the trial court's amendment of "no just reason for delay", the order from which Frank appeals is clearly not final pursuant to R.C. 2505.02. Accordingly, we dismiss this appeal for lack of a final appealable order and remand this matter to the trial court for further proceedings consistent with this court's opinion.
Vukovich, P.J., concurs.
Donofrio, J., concurs.