[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Defendant-appellant, the Ohio Adult Parole Authority ("APA"), appeals from a judgment of the Franklin County Court of Common Pleas denying its motion for summary judgment, but granting the motion for summary judgment filed by plaintiff-appellee, Michael C. Poluka.
 {¶ 2} Plaintiff is a prisoner at the Grafton Correctional Institution. On September 5, 1980, plaintiff was indicted on one count of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary. On November 7, 1980, plaintiff pled guilty to one count of voluntary manslaughter, one count of aggravated robbery, and one count of aggravated burglary. Plaintiff was sentenced to serve five to 25 years of incarceration on each of the three counts, with the three sentences to be served consecutively. Thus, plaintiff's aggregate sentence was 15 to 25 years. Plaintiff was considered for and denied parole in 1990, 1993, and 1996.
 {¶ 3} On March 1, 1998, the APA issued the "Ohio Parole Board Guidelines Manual" ("parole guidelines"). The parole guidelines use a grid system for classifying a prisoner for purposes of parole eligibility. The vertical axis of the grid lists 13 categories of offenses, one being the least serious offense and 13 the most serious offense. The horizontal axis of the grid lists eight risk of recidivism factors. By determining the category of offense and risk of recidivism applicable to a particular inmate and then locating the intersection of those categories on the grid, the APA arrives at a range of months to be served by the inmate before he becomes eligible for parole.
 {¶ 4} In July 2000, the APA conducted a "half-time" parole review of plaintiff's parole eligibility. In conducting this review, the APA applied the parole guidelines. In applying the parole guidelines to plaintiff, the APA set plaintiff's risk of recidivism at level four. The APA next placed plaintiff in offense category 13, the category for aggravated murder, instead of category 11, the category applicable to the combination of offenses to which plaintiff pled guilty. The APA appears to have increased plaintiff's offense category under the guidelines based on the fact that plaintiff was originally indicted for aggravated murder. As a result of the increase in plaintiff's offense category, plaintiff's parole eligibility range was set at 27.5 years (330 months) to life, instead of the 17.5 (210 months) to 22.5 years (270 months) that it would have been had the APA set plaintiff's offense category according to the crimes for which he was actually convicted.
 {¶ 5} On August 23, 2000, plaintiff filed a declaratory judgment action against the APA in the Franklin County Court of Common Pleas. Plaintiff's complaint alleged that the APA, as an agent of the state, breached his plea agreement with the state when it used the offenses for which he was indicted rather than the offenses for which he was convicted in classifying him for purposes of parole eligibility, and sought an order requiring the APA to re-determine plaintiff's parole eligibility after placing him in the proper offense category.
 {¶ 6} On August 14, 2001, plaintiff moved for summary judgment. On August 20, 2001, the APA moved for summary judgment. On March 29, 2002, the trial court issued a decision and judgment entry in which it held the parole guidelines to be "null, void, and unenforceable" for not having been properly promulgated as administrative rules, enjoined the APA from applying the guidelines to plaintiff, and ordered the APA to re-evaluate plaintiff's parole eligibility under the standard utilized prior to the adoption of the guidelines. The APA appeals from the trial court's decision and judgment entry assigning the following errors:
 {¶ 7} "[I.] The Trial Court committed reversible error in sua sponte declaring the Parole Guidelines invalid.
 {¶ 8} "[II.] The trial court erred in not granting summary judgment to the APA because the plaintiff did not prove the existence of the contract term entitling him to the relief requested."
 {¶ 9} Because this matter arises out of the trial court's grant of summary judgment, pursuant to Civ.R. 56, we review the trial court's determination independently, and without deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In conducting our review, we apply the same standard as the trial court, Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107: in accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the non-moving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
 {¶ 10} As a preliminary matter, the APA asserts that plaintiff's claim for declaratory judgment should have been dismissed based on the established principle that the parole guidelines are not subject to the declaratory judgment statute. Declaratory judgment is a civil action that provides a remedy to determine the applicability or meaning of a constitutional provision, statute, rule, deed, will, or written agreement. R.C. 2721.03. The APA is correct that the parole guidelines are not subject to the declaratory judgment statute. Woodson v. Ohio Adult Parole Auth., Franklin App. No. 02AP-393, 2002-Ohio-6630, at ¶ 9; Nobles v. Ohio Dept. of Rehab. Corr. (Dec. 5, 2000), Franklin App. No. 00AP-200. However, both Woodson and Nobles, the cases out of which this rule developed, involved attempts to use the declaratory judgment statute to directly determine the meaning or applicability of the parole guidelines. By contrast, plaintiff's claim for declaratory judgment seeks to determine the meaning or applicability of his plea agreement, which plaintiff claims limits the APA's ability to apply the parole guidelines to him. This court has held that the declaratory judgment statute is available to assert such a claim. Robertson v. Ohio Adult Parole Auth., Franklin App. No. 01AP-1111, 2002-Ohio-4303, at ¶ 28; Oswalt v. Ohio Adult Parole Auth. (Oct. 4, 2001), Franklin App. No. 01AP-363.
 {¶ 11} In its first assignment of error, the APA argues that the trial court erred in granting plaintiff's motion for summary judgment on the grounds that the parole guidelines are void and unenforceable, as plaintiff never requested such relief. Although plaintiff never requested that the parole guidelines be declared void, that fact alone is not sufficient to reverse the trial court's judgment, as the trial court's equity powers are broad enough to allow it to grant relief that was not specifically requested by the parties. Cuyahoga Co. Bd. of Mental Retardation v. Association (1975), 47 Ohio App.2d 28, 40; Spence v. First Federal Savings Loan Assn. of Delta (Aug. 21, 1992), Fulton App. No. 91FV000020. Nonetheless, even the trial court's equity powers do not allow for the granting of relief for which there is no legal basis. Id. In the present case, the trial court held the parole guidelines to be void on the grounds that they had not been promulgated as administrative rules. It is well established that the parole guidelines are not administrative rules and need not be promulgated in accordance with the Administrative Procedure Act. Mayrides v. Ohio Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035. Accordingly, there was no legal basis for the trial court to declare the parole guidelines void and that determination must be reversed. The APA's first assignment of error is sustained.
 {¶ 12} However, plaintiff is nonetheless entitled to summary judgment on this claim for declaratory judgment. In Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456, at ¶ 28, the Ohio Supreme court determined that "in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." On remand the trial court shall enter judgment for plaintiff on this limited basis.
 {¶ 13} In its second assignment of error, the APA argues that the trial court erred in denying its motion for summary judgment. Given our resolution of the APA's first assignment of error, the denial of the APA's motion for summary judgment does not determine the action or prevent a judgment in the APA's favor, and thus does not constitute a final appealable order under R.C. 2505.02. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90; State ex rel. Overmeyer v. Walinski (1966),8 Ohio St.2d 23. See Wayne Mut. Ins. Co. v. Parks (Sept. 13, 2000), Summit App. No. 19781.
 {¶ 14} The APA's second assignment of error is overruled.
 {¶ 15} Appellant's first assignment of error having been sustained and appellant's second assignment of error having been overruled, this matter is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this decision.
Judgment reversed, case remanded.
PETREE, P.J., and BROWN, J., concur.