MEMORANDUM OPINION
{¶ 1} This matter is before this Court on the June 15, 2005 motion of appellee, Jacqueline A. Messina, to dismiss this appeal for lack of a final appealable order. Additionally, she asks that this matter be remanded to the trial court for further proceedings. Appellant, Van Ness Stone, Inc., filed a memorandum in opposition to dismiss on July 7, 2005.
 {¶ 2} From the record, it is apparent that the trial court granted summary judgment on January 5, 2005, in favor of appellant on appellee's third claim for relief, intentional and negligent infliction of emotional distress, but denied its motion for summary judgment as to Appellee's first, second, and fourth claims for relief.
 {¶ 3} Subsequently, on February 22, 2005, the trial court entered a new judgment finding that "there is no just cause for delay."
 {¶ 4} Appellee correctly asserts that the original January 5, 2005 judgment of the trial court was not a final appealable order pursuant to Civ.R. 54(B). Appellee then claims that the trial court's attempt to add Civ.R. 54(B) language later was not effective in creating a final appealable order. Appellee is half correct.
 {¶ 5} Once the Civ.R 54(B) language was added, appellee could have filed a notice of appeal from the trial court's decision to grant summary judgment in favor of appellant on appellee's third claim for relief. However, appellee is correct that the addition of Civ.R. 54(B) did not make it possible for appellant to appeal the denial of its summary judgment motion as to the three remaining claims. The denial of summary judgment is generally not a final order. Celebrezze v. Netzley (1990),51 Ohio St. 3d 89. Even if Civ.R. 54(B) language is added, the order does not become final. Noble v. Colwell (1989), 44 Ohio St. 3d 92, 95-97.
 {¶ 6} For the foregoing reasons, we conclude that we are without jurisdiction to consider this appeal. Appellee's motion to dismiss this appeal is hereby granted.
 {¶ 7} Appeal dismissed.
Ford, P.J., O'Toole, J., concur.