[Cite as *Parmelee v. Schnader*, 2017-Ohio-2709.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NANCY PARMELEE, et al. | ) | CASE NO. 17 MA 0026 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| GENE SCHNADER, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas, Mahoning County, Ohio Case No. 2015 CV 1919

JUDGMENT: Motion to Dismiss Denied. Appeal Continues.

APPEARANCES:

For Plaintiffs-Appellants: Atty. Anthony J. Farris
Atty. Jennifer Ciccone
860 Boardman-Canfield Road, Suite 204
Youngstown, Ohio 44512

For Defendants-Appellees: Atty. Gregory A. Beck
Atty. Tonya J. Rogers
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: May 3, 2017

PER CURIAM.

{¶1} Plaintiffs-Appellants Nancy Parmelee and Amy Sloan appeal a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of Defendants-Appellees Steven Kotheimer, Goshen Police District, and Goshen Township. Appellees have filed a motion to dismiss, arguing this Court lacks jurisdiction because the appeal is premature. We conclude that the judgment entry appealed from constitutes a final appealable order.

{¶2} This case arises from a property dispute in 2014 between Appellants and codefendant Gene Schnader. Appellants alleged that they were tenants at a residential property owned by Schnader in Goshen Township, and were attempting to retrieve some personal property from the residence. Schnader purportedly would not allow Appellants access to the property. Defendant-Appellee Steven Kotheimer, a police officer with the Goshen Police District, was dispatched to the property due to the dispute between the parties.

{¶3} Appellants sued Appellees in 2015 setting forth sixteen claims. The first twelve claims were directed primarily against Schnader only. They included actions for conversion and violations of R.C. Chapter 5321, Ohio's Landlord-Tenant Act, and provisions governing forcible entry and detainer set forth in R.C. Chapter 1923. Appellants alleged they were Schnader's tenants, that he unlawfully evicted them, and that he continued to retain some of their personal belongings. The remaining four claims were directed against Appellees only. In addition to the claims they made against Schnader, they included claims against Appellees for violations of

42 U.S.C. 1983. They alleged that Appellees deprived them of their Fourth and Fourteenth Amendment due process rights by assisting in the unlawful eviction.

**{¶4}** Appellees filed a motion for summary judgment asserting immunity. Appellants filed a memorandum in opposition and Appellees filed a reply brief in support of their summary judgment motion.

**{¶5}** On October 19, 2016, the trial court granted Appellees' motion for summary judgment. The court found that Appellee Officer Kotheimer acted in an objectively reasonable manner and was entitled to qualified immunity. As to Appellee Goshen Police District, the court found that a township police department is not *sui juris* and therefore does not have the legal capacity to be sued. As for Appellee Goshen Township, the court determined that it was entitled to summary judgment because there was no evidence demonstrating deliberate indifference.

**{¶6}** Approximately three months later, on January 25, 2017, the trial court filed an amended judgment entry which was nearly identical to the entry it filed on October 19, 2016. In this entry, however, the court included "no just reason for delay" language pursuant to Civ.R. 54(B) (Judgment upon multiple claims or involving multiple parties).

**{¶7}** This appeal followed. Appellees have filed a motion to dismiss, arguing the appeal is premature as numerous claims remain pending against codefendant Schnader. Appellants have responded with a motion in opposition asserting that the requirements of Civ.R. 54(B) have been met to transform the entry appealed into a

final appealable order. Appellants have also requested a thirty-day extension to file their merit brief.

**{¶8}** Appellate courts review a purported final order that disposes of some, but not all claims in an action by applying a two-step analysis. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993). The first inquiry involves the predominantly legal question of whether the order sought to be appealed is a final appealable order as defined by R.C. 2505.02 (i.e., affects a substantial right and in effect determines an action and prevents a judgment.) If so, the second question entails review of whether the trial court's invocation of the Civ.R. 54(B) language, a primarily factual determination, was supported by some competent and credible evidence. *Id.* at 356, 617 N.E.2d 1136.

**{¶9}** Regarding our first inquiry, Appellees suggest that simply by virtue of the fact that the trial court's judgment entry does not address the remaining twelve claims against codefendant Schnader the entry does not satisfy R.C. 2505.02(B)(1)'s requirement that it "in effect determines the action." However, the Ohio Supreme Court has specifically held that when a trial court grants summary judgment to only some parties and not others, the entry still determines the action as to the parties who were granted summary judgment. Thus, together with the appropriate Civ.R. 54(B) language, this entry is a final order pursuant to R.C. 2505.02. *Celebrezze v. Netzley,* 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, 1294 (1990).

**{¶10}** Turning to the second inquiry, we review the trial court's decision to add "no just reason for delay" language. The trial court's determination in that regard is

"essentially a factual determination—whether an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., whether it leads to judicial economy." (Emphasis deleted.) *Wisintainer,* 67 Ohio St.3d at 354, 617 N.E.2d 1136. Trial judges "stand in an unmatched position to determine whether an appeal of a final order dealing with fewer than all of the parties in a multiparty case is most efficiently heard prior to trial on the merits." *Id.* at 354-355, 617 N.E.2d 1136 (the trial court can best determine how the court's and parties' resources may most effectively be utilized).

{¶11} "The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation. More important than the avoidance of piecemeal appeals is the avoidance of piecemeal trials." *Id.* at 355.

{¶12} When an appellate court reviews the trial court's decision to issue a Civ.R. 54(B) certification, it shall not substitute its judgment for the trial court where some competent and credible evidence supports the decision. *Id.* at 355, 617 N.E.2d 1136 (this decision is entitled to the same presumption of correctness as other factual findings). *Id.* A trial court should avoid mechanical application of the rule. *Id.* In other words, the mere recitation by a court of the language "no just reason for delay" "is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Id.* at 354, 617 N.E.2d 1136.

{¶13} However, where the record indicates the interests of sound judicial administration could be served by finding "no just reason for delay," the trial court's

certification determination must stand. *Id.* The trial court's certification need not be the most likely route to judicial economy, but may be merely one route which leads there. *Id.*

**{¶14}** In this instance, the record demonstrates that the trial court did not include the Civ.R. 54(B) certification mechanically. It did not act reflexively in finding "no just reason for delay," but added the certification in a subsequent amended judgment entry. This reflects a conscious, deliberative application of the rule.

**{¶15}** Moreover, the Civ.R. 54(B) certification in the summary judgment decision is supported by some competent and credible evidence. Because Appellees asserted immunity in their motion for summary judgment, Appellees presented a complete defense to Appellants' claims that is not available to codefendant Schnader. Additionally, Appellants' claims against Appellees and codefendant Schnader are interrelated only to the extent Appellees may have aided codefendant Schnader in the allegedly unlawful eviction. Appellees' immunity defense, on which they prevailed in summary judgment, was a defense completely separate, distinct, and independent of the defenses available to codefendant Schnader.

**{¶16}** Accordingly, Appellees' motion to dismiss is denied. Costs taxed against Appellees. Appeal continues. Appellants are granted a first extension of time until May 31, 2017, to file their brief and assignments of error.

**{¶17}** Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Donofrio, J., concurs.

Robb, P.J., concurs.