DECISION AND JUDGMENT ENTRY
{¶ 1} Gulf Insurance Company ("Gulf") appeals the decision of the Lawrence County Court of Common Pleas granting summary judgment in favor of Stonecreek Interior Systems, Inc. ("Stonecreek") and denying its motion for summary judgment against Stonecreek and Pennsylvania National Mutual Casualty Insurance Company ("Penn"). Because Gulf satisfied the judgment in favor of Stonecreek, any issue relating to the trial court's order granting summary judgment in favor of Stonecreek and, thereby, implicitly denying Gulf's motion for summary judgment against Stonecreek are moot and will not be considered. However, we reverse the trial court's decision to deny Gulf's motion for summary judgment against Penn because Gulf met its initial burden of proof and Penn failed to meet its reciprocal burden. Accordingly, the judgment is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
 I. {¶ 2} On August 8, 2001, Gulf issued a payment bond in the amount of $1.1 million to BL Contractors, Inc. ("BL") as principal and the State of Ohio, Ohio School Facilities Commission, and the Fairland Local School District Board as obligees. The purpose of the payment bond was to secure BL's bid on the Fairland East Elementary School Building Renovations Project.
 {¶ 3} Thereafter, Penn issued a payment bond in the amount of $849,000 to BL as principal and the State of Ohio, Ohio School Facilities Commission, and the Fairland Local School District Board as obligees. Penn issued the bond sometime between September 10-12, 2001, but prior to the School District accepting BL's bid for the renovation project.
 {¶ 4} Stonecreek performed subcontracting work for BL on the project. When BL failed to pay Stonecreek for the work performed, Stonecreek filed a payment bond claim with Penn. After Penn failed to pay on the payment bond claim, Stonecreek filed a complaint in the Lawrence County Court of Common pleas against BL and Penn. Stonecreek alleged that Penn was the surety on a payment bond issued to BL Contractors, Inc., and that Stonecreek was owed money under that payment bond for the subcontracting work it performed.
 {¶ 5} Penn's counsel advised Stonecreek that another payment bond, issued by Gulf, existed and suggested Stonecreek amend its complaint to include Gulf as a defendant. Thereafter, Stonecreek amended its complaint to include Gulf. Gulf responded to the amended complaint by averring that the Penn bond replaced the Gulf bond and filed a cross-claim against Penn for indemnification and contribution. Penn filed a similar cross-claim against Gulf.
 {¶ 6} Gulf moved for summary judgment against Stonecreek and Penn, arguing that the Penn bond replaced its bond. As proof, Gulf attached (1) an affidavit from Jack Massey, an employee of the Putnam Agency, and (2) a letter from Paul Wood, the Assistant Project Manager of BBL/DAG LLC. Jack Massey's affidavit states that: (1) the Putnam Agency acted as an agent for both Gulf and Penn during all relevant time periods; (2) he issued the Gulf bond on behalf of Putnam and Gulf; (3) BL requested he find another surety with more favorable terms and conditions; (4) he provided Penn with information on the BL account in August 2001; (5) he met with representatives of Penn and BL on September 7, 2001 "to discuss moving the BL account from Gulf to Penn * * *;" (6) Putnam moved the BL account from Gulf to Penn; (7) the Penn bond was provided to Janet Griffiths, an employee of BL, for signature and delivered to the Fairland Local School District to replace the Gulf bond; and (10) Paul E. Woods, Assistant Project Manager for BBL Construction Services (the construction manager for obligees) confirmed that the Penn bond replaced the Gulf bond in a letter dated December 10, 2001.
 {¶ 7} The December 10, 2001 letter, written by Paul Woods and addressed to Jeff Booth, an employee of Gulf, states: "Please disregard the December 3, 2001 Notice to Surety Letter sent to the Gulf Insurance Company from BBL Construction Services. The letter was inadvertently addressed to the Gulf Insurance Company. Our records indicate that the Gulf Insurance Company is not the Surety or Agent of the Surety for BL Contractors, Inc. on the Fairland East Elementary Renovation project. We have addressed the letter to the appropriate party and have updated our records."
 {¶ 8} Penn responded to Gulf's motion for summary judgment and argued that the only basis for the motion was that Gulf, BL, and the obligees agreed that the Gulf bond was replaced by the Penn bond. Penn reasoned that because it denied that its bond acted as a replacement, that a genuine issue of material fact still existed. Moreover, Penn argued that Jack Massey's affidavit was self-serving and not trustworthy as evidence that the Penn bond replaced the Gulf bond. It also argued that Penn never authorized the Penn bond issued by the Putnam Agency. As proof that Putnam issued the bond without authority, Penn attached a letter addressed to Jack Massey. The letter, which was addressed on October 4, 2002, states that Penn became aware on October 3, 2002, that Putnam issued an unauthorized bond to BL in the amount of $849,000. However, this letter is unsigned, not written on company letterhead, and not accompanied by an affidavit for purposes of authentication.
 {¶ 9} Stonecreek also responded to Gulf's motion for summary judgment. It argued that Gulf's arguments are only valid arguments in its cross-claim against Penn. Stonecreek urged the trial court to deny the motion as it applied to Stonecreek and asserted that two valid bonds existed and that Stonecreek is entitled to payment under one or both bonds.
 {¶ 10} In Stonecreek's motion for summary judgment, it argued that it is entitled to judgment as a matter of law against either Gulf or Penn, or both. Specifically, Stonecreek stated: "Because Stonecreek is the injured party, the defendants should argue to the court who is responsible for payment and Stonecreek is entitled to summary judgment against one or both defendants." Stonecreek pointed out that no dispute exists as to the fact that BL is liable to Stonecreek for its failure to pay and that a surety is principally and jointly liable with the principal.
 {¶ 11} Penn, in its response to Stonecreek's motion, argued that in order for Stonecreek to collect against Penn it must prove that the Penn bond is legally effective. Reasoning that Stonecreek failed to provide any undisputed evidence that the Penn bond replaced the Gulf bond, Penn asserted that a genuine issue of material fact still existed. Penn also argued that the Putnam Agency acted outside its authority in issuing the Penn bond and that the Penn bond never went into effect. In the alternative, Penn argued that both the Penn bond and Gulf bond were legally effective and that any liability to Stonecreek should be paid by both Gulf and Penn.
 {¶ 12} In Gulf's response to Stonecreek's motion for summary judgment, it argued that (1) the Penn bond replaced the Gulf bond, thus rendering the Gulf bond ineffective and (2) Stonecreek failed to comply with the requirements of R.C. 153.56 and, therefore, the trial court lacked jurisdiction to hear the case. For its first argument, Gulf adopted the same reasoning used in its own motion for summary judgment. However, Gulf attached a new affidavit as evidence. The affidavit, written by Randall Henderson, an employee of BBL Construction services, stated: "It is my understanding, based upon during a phone conversation that took place in the first week of March, 2003, with an individual identified as Debbie Roach of the Putnam Agency, that the Penn bond was a replacement to, and not as a supplement of, the Gulf bond."
 {¶ 13} In its second argument, Gulf asserted that R.C. 153.56(A) requires a claimant on a bond issued under R.C. 153.54
to provide the surety with a statement of the amount due. R.C. 153.56(B) prohibits the claimant from filing suit until sixty days after it provides the surety with the statement. Gulf argued that Stonecreek failed to provide it with such a statement until November 12, 2003, fourth months after Stonecreek amended the complaint to include Gulf.
 {¶ 14} Stonecreek replied to both the Penn and Gulf memorandums contra. In its reply, Stonecreek argued that Penn is liable because: (1) two valid bonds, including the Penn bond, exist and Stonecreek is entitled to payment under one or both bonds and (2) Penn, at the very least, gave Massey and the Putnam Agency the apparent authority to issue the bond by granting Power of Attorney to the Putnam Agency, which was attached to the Penn bond. Stonecreek also argued that Gulf is liable because: (1) Gulf's argument that the Penn bond replaced its bond is only valid in its cross-claim against Penn; (2) because the Gulf bond was issued and fully executed, Gulf cannot claim it is an ineffective bond against Stonecreek; and (3) Stonecreek met the obligations of R.C. 153.56 because the act of amending the complaint to include Gulf constituted the requisite notice required by that statute. Stonecreek argued that the only purpose behind R.C. 153.56 is to provide the surety with sufficient notice to allow it to investigate a claim and decide whether to pay on the claim. Gulf had notice when it was included in the lawsuit and, even if the trial court wished to strictly construe the statute, as of January 11, 2004, the required sixty days passed, making the argument moot.
 {¶ 15} On January 23, 2004, the trial court granted Stonecreek's motion for summary judgment. The judgment entry is vague and simply states: "Upon motion of the Plaintiff, Stonecreek Interior Systems, and for good cause shown, summary judgment is hereby granted in favor of Stonecreek * * * in the amount of $20,159.00 against Defendants Gulf Insurance Company * * * and Pennsylvania National Mutual Casualty Insurance Company."
 {¶ 16} On February 17, 2004, the trial court dismissed the cross-claims of Gulf and Penn. The judgment entry states: "Defendants, Gulf * * * and Penn * * * have filed identical cross-claims against each other seeking contribution and indemnification * * *. On January 23, 2004, this Court granted Plaintiff, Stonecreek Interior Systems' Motion for Summary Judgment against both Gulf and Penn. In so doing, this Court found that the bonds issued by Gulf and Penn were both valid and enforceable, securing the same obligation of BL. As a result of the January 27, 2004 Judgment Entry, Gulf and Penn are deemed to be co-sureties of BL * * * Gulf and Penn have advised the Court that the judgment entered in Plaintiff's favor has been satisfied. Accordingly, the cross-claims of both Gulf and Penn are found to be moot based upon this Court's Judgment Entry of January 23, 2004 and are hereby dismissed."
 {¶ 17} Gulf appeals and raises the following assignments of error: "1. The Trial Court Erred By Granting Plaintiff-Appellee, Stonecreek Interior Systems, Inc.'s ("Stonecreek") Motion For Summary Judgment Against Defendant-Appellant Gulf Insurance Company ("Gulf"). 2. The Trial Court Erred By Denying Gulf's Motion For Summary Judgment Against Both Defendant-Appellee, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), and Stonecreek." (sic.)
 II. {¶ 18} In its first assignment of error, Gulf argues that the trial court improperly granted Stonecreek's motion for summary judgment. Gulf also argues, in its second assignment of error, that the trial court wrongly denied its motion for summary judgment against Stonecreek. We address these assignments of error together.
 {¶ 19} Whether the trial court properly granted Stonecreek's motion for summary judgment against Gulf and improperly denied Gulf's motion for summary judgment against Stonecreek is moot because Gulf satisfied the judgment. The Ohio Supreme Court has held: "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. `Where the court rendering the judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even move for vacation of judgment.'" Blodgett v. Blodgett
(1990), 49 Ohio St.3d 243, 245, quoting Rauch v. Noble (1959),169 Ohio St. 314, 316.
 {¶ 20} Because Gulf satisfied the judgment in favor of Stonecreek, any appeal asserting the trial court erred in ordering judgment in favor of Stonecreek is now moot. Accordingly, Gulf's assignments of error as they apply to Stonecreek are without merit.
 III. {¶ 21} In its second assignment of error, Gulf argues, in part, that the trial court improperly denied its motion for summary judgment against Penn. Gulf asserts that the trial court erred when it denied its motion despite proof that the Penn bond replaced the Gulf bond.
 {¶ 22} Because summary judgment involves a question of law, our review is de novo. We afford no deference to the trial court's decision to grant or deny motions for summary judgment.Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412.
 {¶ 23} The principal purpose of summary judgment is to allow the trial court to move beyond the pleadings and analyze the evidence in order to determine if a need for a trial exists.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. In order for a trial court to properly grant a motion for summary judgment the movant must prove: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Id. Furthermore, "[t]he burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." Id.
 {¶ 24} Civ. R. 56(C) permits the following evidence to accompany a summary judgment motion: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." The above listed items are the only evidence that may be considered by a trial court when ruling on a motion for summary judgment. Civ. R. 56(C).
 {¶ 25} A movant for summary judgment bears the burden of proving that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. AAAA v. River PlaceCommunity (1990), 50 Ohio St.3d 157, 161. In general, the non-moving party bears no burden of proof. Brown v. FairmontHomes, Inc. (June 28, 1989), Highland App. No. 700. However, "if the moving party presents evidence which refutes the non-moving party's claim upon a material issue of fact, there is then a burden to present rebuttal evidence." Id.
 {¶ 26} Here, Gulf moved for summary judgment in favor of its cross-claim against Penn on the basis that the Penn bond replaced the Gulf bond, thus rendering the Gulf bond ineffective. As proof, Gulf attached the affidavit from Jack Massey, an agent for both Gulf and Penn and the letter from Paul Wood, the Assistant Project Manager of BBC. Massey's affidavit stated that he issued, as Penn's agent, the Penn bond to replace the Gulf bond. Massey also identifies Paul Wood's letter, which states that Gulf was not the surety on the Project. This evidence refutes Penn's claim that its bond did not replace the Gulf bond. Thus, Gulf met its initial burden of proof, and a reciprocal burden fell on Penn to provide rebuttal evidence. Brown.
 {¶ 27} Penn failed to meet its reciprocal burden. In its reply to Gulf's motion for summary judgment, Penn argued that it never authorized the Penn bond and that it continues to dispute whether its bond replaced the Gulf bond. Attached to Penn's memorandum contra is a letter addressed to Jack Massey, which identifies the Penn bond issued to BL as an unauthorized bond. However, the letter is (1) unsigned; (2) not written on company letterhead; (3) and not accompanied by an affidavit, thus rendering the letter not only untrustworthy, but evidence outside Civ. R. 56(C). Therefore, Penn failed to meet its reciprocal burden of proof as required.
 {¶ 28} Penn argues on appeal that Gulf may not appeal the trial court's denial of its motion for summary judgment because the denial served as an interlocutory order. This argument is illogical. It is true that a denial of a summary judgment motion is not immediately appealable because it serves as an interlocutory order. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90. However, the trial court fully disposed of this case and entered a final judgment entry on February 17, 2004, thus making its denial of Gulf's motion for summary judgment immediately appealable.
 {¶ 29} Accordingly, we find Gulf's second assignment of error, as it applies to Penn, has merit.
 IV. {¶ 30} Because Gulf satisfied the judgment in favor of Stonecreek, any assignments of error relating to Stonecreek are now moot. However, because Gulf met its initial burden of proof in its summary judgment motion, and because Penn failed to meet its reciprocal burden, the trial court erred when it denied Gulf's motion for summary judgment. Accordingly, the judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 Judgment affirmed in part and reversed in part and cause remanded. JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issued out of this Court directing the Lawrence County Court of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.