JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Progressive Insurance Company, ("Progressive") appeals from the May 25, 2006 judgment entry of the Cuyahoga County Court of Common Pleas, denying its summary judgment motion in favor of plaintiffs-appellees, Lewis Brewer ("Brewer") and Brenda Brewer ("wife"). Having reviewed the record and the pertinent law, we dismiss for lack of a final appealable order.
 {¶ 2} Brewer and his wife filed a complaint against John Doe's I, II, and III for negligence and loss of consortium, and against Progressive for damages. The complaint alleges that on July 2, 2003, Brewer sustained an injury to his left shoulder during a hit-and-run automobile accident. Brewer cannot collect damages from the owner and/or operator of the motor vehicle because they are unknown.
 {¶ 3} Brewer filed a claim for benefits under his personal automobile policy of insurance ("policy") through Progressive. This policy included *Page 3 
uninsured/underinsured motorist coverage. However, the policy excluded coverage for bodily injury sustained by any person "while operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of, you or a relative, other than a covered vehicle." According to the policy, a "covered vehicle" was defined as, "a. any vehicle shown on the Declarations Page; b. any additional vehicle on the date you became the owner * * *; c. any replacement vehicle on the date you became the owner * * *." The vehicle listed on the Declarations Page of Brewer's policy was a 2003 Volkswagen Beetle. Progressive denied Brewer's claim for uninsured motorists benefits.
 {¶ 4} In his deposition, Brewer stated that the accident occurred on I-480 at 8:30 a.m., while he was driving a school bus to pick up customers for SBS Transit ("SBS"). At the time of the accident, he had been employed by SBS for eighteen months as a tour and school bus driver.
 {¶ 5} Progressive filed a motion for summary judgment on January 17, 2006, arguing that Brewer was not entitled to uninsured/underinsured motorist coverage because when the accident occurred, he drove a non-covered vehicle that was furnished to or available for his regular use. On February 21, 2006, Brewer filed a memorandum in opposition.
 {¶ 6} In its May 12, 2006 judgment entry, the trial court stated, "[h]aving fully considered the briefs filed by the parties, the court hereby denies defendant's motion for summary judgment as there are genuine issues of material fact that exist. The *Page 4 
court finds that the defendant's interpretation of the exclusionary clause of the uninsured/underinsured motorist coverage provision of the automobile insurance policy is without merit. Material issues of fact are present as to whether the vehicle operated by plaintiff was available for his `regular use' as provided in the exclusionary clause in question. * * *"
 {¶ 7} Following the court's May 12, 2006 judgment entry, Progressive filed a motion to amend the journal entry on May 22, 2006. The trial court granted the motion on May 25, 2006. The entry stated, "[t]he court amends the order of 5/12/06 * * * to verify that there is no just reason for delay with respect to this court's determination that the language of the exclusionary provision of the insurance policy does not operate to bar coverage for plaintiff's claims. Specifically, the court rejects the defendant's claim that any vehicle `furnished to' an insured, and which is not listed on the declaration page, is excluded from the uninsured motorist coverage. The issue of whether the vehicle driven by plaintiff at the time the accident was available for his `regular use' remains an issue for the jury to determine. * * *"
 {¶ 8} It is from this judgment that Progressive appeals and raises the following sole assignment of error:
 {¶ 9} "The trial court erred in denying appellant's motion for summary judgment."
 {¶ 10} Before we can address this assignment of error, we must first determine whether appellate jurisdiction exists. The question of whether an order is final *Page 5 
appealable is jurisdictional and should be raised sua sponte by an appellate court. Noble v. Colwell, (1989), 44 Ohio St.3d 92, 94. "It is well established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." Gen. Acc. Ins. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20. An order denying summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final appealable order. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90.
 {¶ 11} Under R.C. 2505.02(B)(1), a "final order" is defined in relevant part as, "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Under 2505.02(A)(1), "`substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
 {¶ 12} Civ.R. 54(B) provides a procedure for dealing with the situation where part of a case is adjudicated, but the whole case is not determined. Noble, supra, at 95. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." However, we note that the mere addition of the required language does not turn an otherwise non-final order into a final appealable order. Noble, supra, at 96. The order at issue must always fit into at least one of the categories of a final order set forth in R.C. 2505.02. Id. *Page 6 
 {¶ 13} In the case sub judice, Brewer and his wife filed their complaint against four defendants. The third count of the complaint pertains to Progressive. The trial court's order denying Progressive's motion for summary judgment did not determine the action or prevent a judgment. Although the order contains the required "no just reason for delay" language of Civ.R. 54(B), it is not a final appealable order since, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." Noble, supra, at 96.
 {¶ 14} Accordingly, we lack jurisdiction to review the trial court's order denying summary judgment. This appeal is dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and MELODY J. STEWART, J., CONCUR *Page 1