[Cite as *Dalton v. Romano*, 2012-Ohio-5462.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MELINDA DALTON, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellees | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2012 CA 00056 |
| TREVOR ROMANO, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No. 2010 CV 00767


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      November 26, 2012


APPEARANCES:

For Plaintiffs-Appellees

STANLEY R. RUBIN
437 Market Avenue North
Canton, Ohio 44702

For Defendant-Appellant Safe Auto

TAMMY G. GIBSON
38118 Second Street
Willoughby, Ohio 44094

*Wise, J.*

{¶1} Appellant Safe Auto Insurance Company appeals the decision of the Court of Common Pleas, Stark County, which ruled in favor of Appellees Linda Dalton, et al. in a supplemental complaint for recovery against appellant in a personal injury lawsuit. The relevant facts leading to this appeal are as follows.

{¶2} Appellees Linda Dalton and John Drescher were injured in a three-car automobile accident caused by Trevor Romano on or about July 31, 2009 in Plain Township, Stark County. Appellees, with the assistance of their attorney, thereafter filed a claim against Romano's insurance policy issued by Appellant Safe Auto.

{¶3} Negotiations apparently broke down, and on February 23, 2010, Appellee Dalton, along with her husband Farnsworth Dalton, as well as John Drescher, Christina Drescher (John's wife) and the minor children Jonathan Drescher and Jacob Drescher, filed a personal injury complaint against Romano in the Stark County Court of Common Pleas, alleging that they were injured or suffered loss of companionship as a result of the aforesaid automobile accident due to the negligence of Romano.

{¶4} Romano failed to answer or otherwise plead in response to the complaint. Appellees therefore obtained a default judgment against Romano in the trial court on May 24, 2010.

{¶5} On July 21, 2010, the trial court issued a judgment entry against Romano awarding various monetary damages to appellees.

{¶6} On August 23, 2010, appellees filed a supplemental complaint against Appellant Safe Auto pursuant to R.C. 3929.06. On September 22, 2010, Appellant Safe Auto filed an answer to the supplemental complaint and further sought a declaratory

judgment on the issue of coverage by filing a cross-claim against its insured, Trevor Romano.

{¶7} Romano failed to answer or respond to Appellant Safe Auto's cross-claim. Appellant thereupon requested a default judgment on the cross-claim. Via a judgment entry on March 9, 2011, the trial court granted default judgment in favor of Appellant Safe Auto as to Romano.

{¶8} On May 9, 2011, Appellant Safe Auto filed a motion for summary judgment regarding appellees' supplemental complaint, essentially arguing that appellees were bound by Appellant Safe Auto's default judgment against Romano. Appellees responded on May 11, 2011. On June 23, 2011, the trial court denied Appellant Safe Auto's motion for summary judgment.

{¶9} The matter proceeded to a non-jury trial before a magistrate on August 16, 2011.

{¶10} On February 14, 2012, the magistrate issued a decision recommending, inter alia, that appellees were not bound by appellant's declaratory judgment against Romano. The magistrate further ordered Appellant Safe Auto to pay $12,500.00 to Appellees Linda and Farnsworth Dalton, $12,500.00 to Appellees John and Christine Drescher, and $7,500.00 to John Drescher for property damage.

{¶11} No objections were filed to the decision of the magistrate. The trial court thereupon approved and confirmed the magistrate's decision.

{¶12} On March 14, 2012, Appellant Safe Auto filed a notice of appeal. It herein raises the following two Assignments of Error:

**{¶13}** "I. AS A MATTER OF LAW, THE TRIAL COURT ERRED WHEN IT DENIED A MOTION FOR SUMMARY JUDGMENT FILED BY APPELLANT, SAFE AUTO INSURANCE COMPANY, AFTER CONCLUDING APPELLEE WAS NOT BOUND BY A DEFAULT JUDGMENT SAFE AUTO OBTAINED AGAINST ITS INSURED, TREVOR ROMANO.

**{¶14}** "II. THE TRIAL COURT FURTHER ERRED, AS A MATTER OF LAW, BY GRANTING JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES AND AGAINST SAFE AUTO INSURANCE COMPANY FOR THE FULL POLICY LIMITS FOR BODILY INJURY AND PROPERTY DAMAGE."

I.

**{¶15}** In its First Assignment of Error, Appellant Safe Auto argues the trial court erred in denying its motion for summary judgment after determining appellee was not bound by the default judgment obtained by appellant against its insured. We disagree.

**{¶16}** As an initial matter, we note that the denial of a motion for summary judgment generally is not a final, appealable order. *See State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 222 N.E.2d 312. This is due to the fact that the denial does not determine the action and prevent a judgment and is, therefore, not a final order under R.C. 2505.02. *See Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. However, a denial of a motion for summary judgment is always reviewable on appeal following a subsequent final judgment. *Yates v. Allstate Ins. Co.*, Licking App.No. 04 CA 39, 2005-Ohio-1479, ¶ 36.

**{¶17}** Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."

{¶18} As an appellate court reviewing summary-judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007-Ohio-5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it

affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

{¶19} R.C. 3929.06, R.C. 2721.02, and R.C. 2721.12 set forth much of the pertinent law in Ohio on insurance-coverage declaratory judgment actions, including the effect of judgments between a tortfeasor and his or her insurer on plaintiffs seeking recovery in a tort action.

{¶20} First, R.C. 3929.06 states as follows:

{¶21} "(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

{¶22} "(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental

complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

**{¶23}** "(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

**{¶24}** "(C)(1) In a civil action that a judgment creditor commences in accordance with divisions (A)(2) and (B) of this section against an insurer that issued a particular policy of liability insurance, the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in a declaratory judgment action or proceeding under Chapter 2721. of the Revised Code between the holder and the insurer.

**{¶25}** "(2) If, prior to the judgment creditor's commencement of the civil action against the insurer in accordance with divisions (A)(2) and (B) of this section, the holder of the policy commences a declaratory judgment action or proceeding under Chapter 2721. of the Revised Code against the insurer for a determination as to whether the policy's coverage provisions extend to the injury, death, or loss to person or property underlying the judgment creditor's judgment, and if the court involved in that action or proceeding enters a final judgment with respect to the policy's coverage or noncoverage of that injury, death, or loss, that final judgment shall be deemed to have binding legal effect upon the judgment creditor for purposes of the judgment creditor's

civil action against the insurer under divisions (A)(2) and (B) of this section. This division shall apply notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."

{¶26} R.C. 2721.02 addresses declaratory judgment actions as follows:

{¶27} "(A) Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.

{¶28} "(B) A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.

{¶29} "(C) In an action or proceeding for declaratory relief that a judgment creditor commences in accordance with divisions (A) and (B) of this section against an insurer that issued a particular policy of liability insurance, the insurer has and may

assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in an action or proceeding under this chapter between the holder and the insurer.

**{¶30}** "If, prior to the judgment creditor's commencement of the action or proceeding for declaratory relief, the holder of the policy commences a similar action or proceeding against the insurer for a determination as to whether the policy's coverage provisions extend to the injury, death, or loss to person or property underlying the judgment creditor's judgment, and if the court involved in that action or proceeding enters a final judgment with respect to the policy's coverage or noncoverage of that injury, death, or loss, that final judgment shall be deemed to also have binding legal effect upon the judgment creditor for purposes of the judgment creditor's action or proceeding for declaratory relief against the insurer. This division shall apply notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."

**{¶31}** Finally, R.C. 2721.12 states:

**{¶32}** "(A) Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding. In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney

general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard.

**{¶33}** "(B) A declaratory judgment or decree that a court of record enters in an action or proceeding under this chapter between an insurer and a holder of a policy of liability insurance issued by the insurer and that resolves an issue as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that an insured under the policy allegedly tortiously caused shall be deemed to have the binding legal effect described in division (C)(2) of section 3929.06 of the Revised Code and to also have binding legal effect upon any person who seeks coverage as an assignee of the insured's rights under the policy in relation to the injury, death, or loss involved. This division applies whether or not an assignee is made a party to the action or proceeding for declaratory relief and notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."

**{¶34}** Both sides in the present appeal direct us to *Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St.3d 138, 144, 931 N.E.2d 548, 2010-Ohio-3264, a case originating in Delaware County with a lawsuit for wrongful death and negligent infliction of emotional distress against an installer and a repairer of an air conditioning system, in which the Ohio Supreme Court held that " *** a declaratory judgment action between an insured and insurer seeking a declaration on the applicability of coverage for injuries to a plaintiff caused by the insured is binding upon that plaintiff only if the declaratory judgment action is initiated by the insured or *if the plaintiff is joined as a party in the declaratory judgment action*." *Id.* at ¶ 26, emphasis added. Appellant Safe Auto

acknowledges this holding, but emphasizes that in that case, the insurer of the defendant air conditioner installer brought a declaratory judgment action against its insured via a "separate" proceeding assigned to a different trial court judge. See *Estate of Heintzelman* at ¶4. In the case sub judice, appellees filed their supplementary complaint against appellant after obtaining a default judgment against appellant's insured (Romano), to which appellant responded via an answer to the supplementary complaint and a cross-claim against Romano, all under the same trial court case number. Thus, appellant argues, appellant's successful cross-claim for declaratory judgment against Romano in the same case is not impacted by the rule of *Estate of Heintzelman* and should be recognized as binding upon appellees.

{¶35} Appellees, in response, assert that appellant did not "name" them in the aforesaid cross-claim, nor did it serve them with a copy. See Appellee's Amended Brief at 2. The trial court record, however, indicates that appellant's combined answer and cross-claim of September 22, 2010 lists "Linda Dalton, et al. – Plaintiffs" in the caption and includes a certificate of service to appellees' counsel. We note that pursuant to Civ.R. 5(B), service of pleadings subsequent to the original complaint is perfected upon a party represented by counsel by service upon the attorney unless service upon the party is ordered by the court. *See, e.g., In re T.B.*, Summit App.No. No. 23990, 2008-Ohio-2026, ¶ 5.

{¶36} Nonetheless, as appellees additionally point out in response, Civ.R. 13(G) provides in pertinent part: "A pleading may state as a cross-claim any claim by one party *against a co-party* arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any

property that is the subject matter of the original action. \*\*\*." Thus, although appellees were presumptively served with a copy of appellant's cross-claim seeking declaratory judgment concerning Romano, appellees clearly were not "co-parties" as to appellant and as such would not reasonably be expected to respond to a cross-claim. Furthermore, when appellant subsequently moved for default judgment on the cross-claim, it asked for an order of default against Romano only. *See* Safe Auto's Motion for Default Judgment, January 24, 2011.

{¶37} Under these circumstances, we hold plaintiffs-appellees were not "joined as a party in the declaratory judgment action" as required under *Estate of Heintzelman* and thus were not bound by the trial court's default judgment as to Romano. As such, we find no reversible error as a matter of law in the trial court's subsequent decision to deny appellant's motion for summary judgment as to appellees' R.C. 3929.06 supplemental complaint against appellant.

{¶38} Appellant's First Assignment of Error is therefore overruled.

II.

{¶39} In its Second Assignment of Error, Appellant Safe Auto argues the trial court erred in granting judgment against appellant for the policy limits. We disagree.

{¶40} Appellant herein did not object to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion \* \* \* unless the party has objected to that finding or conclusion \* \* \*." *See*, *e.g.*, *Stamatakis v. Robinson* (January 27, 1997), Stark App.No. 96CA303, 1997 WL 115878. However, an appellant's failure to specifically object to a magistrate's decision does not bar appellate review of "plain

error." *See*, *e.g.*, *Tormaschy v. Weiss* (July 6, 2000), Richland App. No. 00 CA 01, citing *R.G. Real Estate Holding, Inc. v. Wagner* (April 24, 1998), Montgomery App. No. 16737.

**{¶41}** Appellant, citing R.C. 3929.06(A)(1), maintains that appellees were entitled to have an amount "up to the remaining limit of liability coverage" applied to their satisfaction of judgment, but that the trial court's judgment for a total of $25,000.00 for bodily injury and $7,500.00 for property damage did not account for the "other pending claims" that Appellant Safe Auto may be required to pay.[1] We note the doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, rises to the level of "challenging the legitimacy of the underlying judicial process itself." *See Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122, 1997–Ohio–401, 679 N.E.2d 1099.

**{¶42}** Upon review, we are unpersuaded that the trial court's decision in this regard rose to the level of plain error.

---

[1] Appellant provides no specifics on the monetary amount of these asserted additional claims. See Appellant's Brief at 11.

**{¶43}** Appellant's Second Assignment of Error is overruled.

**{¶44}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.


_____


_____


_____

                                        JUDGES

JWW/d 1031

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MELINDA DALTON, et al.                          :
                                                :
    Plaintiffs-Appellees                        :
                                                :
-vs-                                            :              JUDGMENT ENTRY
                                                :
TREVOR ROMANO, et al.                           :
                                                :
    Defendants-Appellants                       :              Case No. 2012 CA 00056


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellants.


                                           _____


                                           _____


                                           _____
                                                      JUDGES