[Cite as *Clapper v. Little Sandy Creek Ruritan Club, Inc.*, 2022-Ohio-1920.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RICHARD CLAPPER, et al | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
|     Plaintiffs-Appellees | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 00095 |
| THE LITTLE SANDY CREEK RURITAN<br>CLUB, INC., et al. | |
| | O P I N I O N |
|     Defendants-Appellants | |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No.  2020 CV 00410


JUDGMENT:      Dismissed


DATE OF JUDGMENT ENTRY:      June 6, 2022


APPEARANCES:

For Plaintiffs-Appellees

DAVID E. BUTZ
ZACHARY M. SOEHNLEN
KRUGLIAK, WILKINS, GRIFFITHS
& DOUGHERTY CO., LPA
4775 Munson Street, NW
P. O. Box 36963
Canton, Ohio  44735-6963

For Defendants-Appellants

JOSH L. SCHOENBERGER
SUSAN S. R. PETRO
WILLIAMS & SCHOENBERGER CO.
338 South High Street, 2nd Floor
Columbus, Ohio  43215

GARY L. GRUBLER
GRANCE INSURANCE
585 South Front Street, Suite 210
Columbus, Ohio  43215

*Wise, John, J.*

**{¶1}** Appellants The Little Sandy Creek Ruritan Club and Richard Lotze appeal the August 8, 2021, decision of the Stark County Court of Common Pleas denying their motion for summary judgment.

## STATEMENT OF THE FACTS

**{¶2}** For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶3}** Appellant The Little Sandy Creek Ruritan Club, Inc. owns the property located at 11428 Bowling St., the premises at issue in this case. Little Sandy is a non-profit organization which provides free medical equipment to persons in need in the community. It stores the medical equipment at the building located on the property. Both Appellee Richard Clapper and Appellant Richard Lotze were members of and volunteers for Little Sandy at all relevant periods of time, and each had keys to the building with the ability to access it any time without permission. Leading up to the building is an outside walkway which volunteers use to transport hospital equipment in and out of the building. Clapper was a member of Little Sandy's Board of Directors from 2015-2017, holding offices of Vice President, President, and Past President during those years. The Board of Directors are responsible for the safety of the premises.

**{¶4}** Lotze had been in charge of maintenance at Little Sandy for approximately ten (10) years prior to the time of the incident at issue. Lotze had the authority to perform repairs and building maintenance on behalf of Little Sandy without first seeking approval from club members of the Board. In the past, Lotze had performed other repairs to the walkway, roof, and electrical system. Lotze is not a licensed electrician, nor had Little

Sandy applied for a building permit to perform the aforementioned past repairs. Appellees state that other than one time in 1990s when they hired an electrician, Little Sandy would always perform necessary repairs internally in order to save money.

{¶5} Sometime in 2016, while walking on the walkway, Lotze noticed a board had become loose. When he stepped on that specific board, it moved. Lotze went home to pick up the tools he needed and then returned and screwed six screws into the loose board, a repair that took approximately fifteen minutes. He then stepped on the board to make sure it was secure. Lotze admits that he did not inspect underneath the board, nor did he seek professional assistance with fixing it.

{¶6} On April 7, 2018, Clapper was asked to assist with moving some medical equipment at the building. While moving the equipment out of the building, Clapper stepped onto the same board which Lotze had repaired two years prior. The board broke, and Clapper fell through, sustaining injuries.

{¶7} On February 25, 2020, Appellees Richard Clapper and Florence Clapper filed a Complaint against Appellants The Little Sandy Ruritan Club, Inc. and Richard Lotze alleging that they sustained damages in and/or as a result of Mr. Clapper's fall. The Clappers asserted a premises liability theory against Little Sandy and ordinary negligence against Richard Lotze. Specifically, as against Appellant Richard Lotze, the Clappers alleged that he "negligently designed and constructed" the Walkway. (Complaint, ¶7).

{¶8} On October 28, 2020, the Clappers filed a Motion for Partial Summary Judgment, seeking a determination that Little Sandy and Mr. Lotze were liable to the Clappers as a matter of law for their alleged negligence in causing or contributing to Mr. Clapper's fall and injury.

{¶9}   On November 9, 2020, Little Sandy and Mr. Lotze filed a Motion for Summary Judgment, arguing, *inter alia*, that Mr. Lotze was immune from suit under the federal Volunteer Protection Act, 42 U.S.C. 14501, *et seq.*

{¶10}  By Judgment Entry filed August 8, 2021, the trial court denied both Civ.R. 56 Motions, finding that Lotze was not immune because "it is possible that a reasonable jury could find Lotze's conduct grossly negligent, reckless, or conducted with conscious disregard for others' safety, therefore subjecting him to personal liability." (Judgment Entry at 7).

{¶11}  Appellants now appeal the trial court's August 8, 2021, Judgment Entry denying Appellant Lotze immunity under the federal Volunteer Protection Act, raising the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶12} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT RICHARD LOTZE IMMUNITY UPON FINDING A GENUINE ISSUE OF MATERIAL FACT WHETHER THE "WILLFUL OR CRIMINAL MISCONDUCT, GROSS NEGLIGENCE, RECKLESS MISCONDUCT, OR A CONSCIOUS, FLAGRANT INDIFFERENCE" EXCEPTION ENUMERATED IN THE FEDERAL VOLUNTEER PROTECTION ACT, 42 U.S.C. 14501, *ET SEQ.,* APPLIED."

***FINAL APPEALABLE ORDER ANALYSIS***

{¶13}  As an initial matter, we first determine whether this is a final, appealable order capable of invoking this Court's jurisdiction.  Appellees argue in their brief, and in a separate motion to dismiss, that the trial court's order denying Appellant's motion for summary judgment is not a final appealable order, so this Court lacks jurisdiction to proceed. Because the Ohio Constitution, Section 3(B)(2), Article IV, limits our jurisdiction to the review of final judgments of lower courts, we must first resolve this issue before

addressing the merits of the appeal. *Germ v. Fuerst,* 11th Dist. Lake No. 2003–L–116, 2003–Ohio–6241, ¶ 3. We must determine if we have jurisdiction to review the merits of this case by deciding whether the requirements of R.C. §2505.02 and Civ.R. 54(B) have been satisfied. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989)

{¶14} When determining whether a judgment or order is final and appealable, an appellate court must first determine whether the order is final within the requirements of R.C. §2505.02. Then, if the order satisfies R.C. §2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). " 'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.' " *Id.*, quoting *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 44 N.E.2d 1068 (9th Dist.1981).

{¶15} R.C. §2505.02(B) lists orders that are final and may be reviewed upon appeal:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

\* \* \*

{¶16} A "substantial right" for purposes of R.C. §2505.02 is a legal right enforced and protected by law. *State ex rel. Hughes v. Celeste,* 67 Ohio St.3d 429, 430, 619 N.E.2d 412 (1993); *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). Alternatively

a "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. §2505.02(A)(1). An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶17} Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim," or when the action involves multiple parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶18} "Thus, in multiple-claim or multiple-party actions, if the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *In re Estate of L.P.B.*, 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 9. While inserting the language of "no just reason for delay" in an entry is not a "mystical incantation which transforms a nonfinal order into a final appealable order," the language can "transform a final order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

{¶19} In this case, the decision of the lower court denying Appellant's motion for summary judgment does not contain the Civ.R. 54 "no just reason for delay" language.

{¶20} The denial of a motion for summary judgment generally is not a final, appealable order. *See Dalton v. Romano*, 2012-Ohio-5462, 982 N.E.2d 1275, ¶ 16 (5th

Dist. Stark), citing *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 222 N.E.2d 312. This is due to the fact that the denial does not determine the action and prevent a judgment and is, therefore, not a final order under R.C. 2505.02. *See Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. However, a denial of a motion for summary judgment is always reviewable on appeal following a subsequent final judgment. *Yates v. Allstate Ins. Co.,* Licking App.No. 04 CA 39, 2005-Ohio-1479.

**{¶21}** This Court explained in *Meier v. Meier*, 5th Dist. Fairfield No. 16-CA-42, 2017-Ohio-1109, ¶ 12:

> An "order which affects a substantial right has also been interpreted to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *State v. Shaffer*, 8th Dist. Cuyahoga No. 87552, 2006-Ohio-5563, *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 616 N.E.2d 181 (1993). To establish an order affects a substantial right, the appellant must establish that, in the absence of immediate review of the order, he or she will be denied effective relief in the future. *Id.*

**{¶22}** Appellants argue that in the present case an immediate appeal should be allowed because Appellant Lotze is immune from suit under the Federal Volunteer Protection Act, 42 U.S.C. 14501, et seq. (VPA). Appellant argues that immunity under the VPA entitles him to immunity from suit rather than a mere defense to liability. Appellant cites various federal cases to support this contention. However, Ohio law regarding what is and what is not a final appealable order is not governed by the federal courts' interpretations of the federal rules of procedure.

{¶23} With the exception of the statutory exception provided in R.C. 2744, Ohio courts do not allow for a review of a denial of summary judgment based on immunity. *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 554 N.E.2d 1292, rehearing denied (1990), 52 Ohio St.3d 710, 557 N.E.2d 1217, certiorari denied (1990), 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412 (The denial of a motion for summary judgment premised on absolute immunity under the first amendment's freedom to express opinion is not immediately appealable); *Ohio Civ. Serv. Employees Ass'n v. Moritz*, 39 Ohio App.3d 132, 529 N.E.2d 1290 (10th Dist.1987) (The denial of a motion for summary judgment in a case brought under Section 1983, Title 42, U.S.Code, which motion is based on a claim of qualified immunity by state officials, is not a final appealable order); *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 743 N.E.2d 901 (the court specifically found that the denial of a summary judgment motion on the issue of governmental immunity is not a final appealable order).

{¶24} Here, an immediate appeal is not necessary to protect Appellant's right to assert an immunity defense in the future. The trial court's denial of summary judgment for immunity under the VPA merely postpones the final disposition of both the immunity claim and the merits of the case until trial. Appellants retain all substantial rights. Therefore, denial of summary judgment for immunity under the VPA is not a final and appealable order.

{¶25} Based on the foregoing, we find that this Court does not have jurisdiction over Appellants' appeal as the trial court's denial of Appellants' motion for summary judgment was not a final order under R.C. §2502.02 *et seq.* Moreover, the trial court's

Order does not contain the necessary "no just reason for delay" language required under Civ.R. 54(B).

{¶26} Accordingly, the motion to dismiss is granted and this appeal is ordered dismissed.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.

JWW/kw 0602