[Cite as *Estate of Reardon v. OhioHealth Corp.*, 2024-Ohio-48.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Estate of Emily Reardon, Through its Administrator James P. Reardon, | : | No. 23AP-148 & No. 23AP-154 (C.P.C. No. 20CV-4043) |
| Plaintiff-Appellee, | : | |
| v. | : | (ACCELERATED CALENDAR) |
| OhioHealth Corporation, d.b.a Riverside Methodist Hospital et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on January 9, 2024

**On brief:** *Arnold Todaro Welch & Foliano, Co., L.P.A., Gerald J. Todaro*, and *Gregory B. Foliano* for appellants Carlynn Fulp, M.D., David Willman, CNP, and Mid-Ohio Emergency Services, L.L.C.

**On brief:** *Bricker Graydon, LLP, Bobbie S. Sprader*, and *Karen L. Clouse*, for appellants OhioHealth Corporation d.b.a. Riverside Methodist Hospital, and Jacquelyn Murrer, PA-C. **Argued:** *Karin Long*.

**On brief:** *Cooper & Elliot, LLC, Rex H. Elliot, Charles H. Cooper, Jr.*, and *Sean R. Alto*, for appellee The Estate of Emily Reardon, James P. Reardon, Administrator. **Argued:** *Kaela King*.

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} These are interlocutory appeals in a medical malpractice/wrongful death action, arising from the denial of the defendants-appellants' motions for summary judgment based on immunity. The appellants' motions argued that they were immune

from suit as a result of the enactment of 2019 Ohio H.B. 606 Section 1(B)(1). That statute was enacted on September 14, 2020, and expanded the qualified statutory immunity from lawsuits previously set forth in R.C. 2305.2311 during the period of the COVID-19 health emergency.

{¶ 2}  On May 25, 2020, appellee's decedent Emily Reardon—a 19-year-old healthy, athletic, college student with no underlying medical conditions—reported to Riverside Hospital Emergency Room ("Riverside ER"), complaining of fever, cough, and chest discomfort. She had a telemedicine visit with her family care provider the day before but was feeling progressively worse. At the time she reported to the Riverside ER, Emily had an elevated heart rate but did not have a fever. She was treated at the Riverside ER by Dr. Fulp and CNP Willman, tested negative for COVID-19, and was thereafter diagnosed with enlarged thyroid, infectious pneumonia, and rapid heartbeat, and sent home with prescriptions for antibiotics and acetaminophen.

{¶ 3}  But Emily's condition further deteriorated, and her parents took her to an urgent care facility on May 27. The physician on duty at the urgent care examined Emily and the imaging tests previously taken by Riverside, and immediately thereafter ordered her sent back by ambulance to Riverside ER, telling her parents "she should never have been discharged from Riverside on May 25th." (June 22, 2020 Compl. at 18.)

{¶ 4}  Emily arrived at Riverside ER at around 9 p.m. on May 27, with a primary complaint of shortness of breath. She had, however, developed fluid in her lungs and an infection; her heart rate was at 122, and her pulse oximetry reading was at 70—dangerously low. She was placed on an oxygen mask and was again tested for COVID-19, but twice tested negative. Emily was not immediately placed on a ventilator; Riverside ER instead conducted additional diagnostic testing. She was ultimately intubated shortly before midnight, but her condition did not stabilize, and she died at 4:23 a.m. on May 28, 2020.

{¶ 5}  Plaintiff-appellee, James Reardon, the Administrator, filed a complaint for medical negligence as to all defendants and respondeat superior as to OhioHealth Corporation d.b.a. Riverside Methodist Hospital on June 22, 2020, arguing that the defendants had failed to properly diagnose and treat Emily's impending respiratory failure and infection. On February 9, 2021, defendants Fulp, Willman, and Mid-Ohio Emergency Services L.L.C. ("Mid-Ohio Emergency appellants"), filed a motion for summary judgment

as to the medical negligence claim, and on February 22, 2021, defendant OhioHealth Corporation d.b.a. Riverside Methodist Hospital and Jacquelyn Murrer, PA-C ("OhioHealth appellants") filed a similar motion arguing it was entitled to judgment on both claims. Both motions argued that the defendants were immune from suit as a result of 2019 Ohio H.B. 606. The trial court denied both motions based on its conclusion that there was a dispute of fact whether immunity applied to the defendants, and these appeals directly followed.

{¶ 6} Mid-Ohio Emergency appellants assert two assignments of error with the trial court's judgment:

> [I.] The trial court erred in holding that immunity is a question of fact.
>
> [II.] The trial court erred in holding that HB 606 is unconstitutionally retroactive. The temporary measures provided in HB 606 are intentionally retroactive and constitutional.

The OhioHealth appellants assert two similar assignments of error with the trial court's judgment:

> [I.] The trial court erred in denying OhioHealth's motion for summary judgment because appellants are entitled to immunity as a matter of law and no genuine issue of material fact exists.
>
> [II.] The trial court erred in concluding that H.B. 606 retroactively affected a substantive right.

But since these appeals are interlocutory, arising from the denial of appellants' motions for summary judgment, before we proceed to reach the merits of their arguments, we must determine that the order they have challenged is final and appealable.

{¶ 7} "Section 3(B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders of lower courts. An appellate court must dismiss an appeal taken from an order that is not final and appealable." *Simek v. Orthopedic & Neurological Consultants, Inc.*, 10th Dist. No. 17AP-671, 2019-Ohio-3901, ¶ 42, citing *Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶ 10. *See generally Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, ¶ 13 ("It is well-established that an order must be final before it can be reviewed

by an appellate court. If an order is not final, then an appellate court has no jurisdiction."). The law generally governing whether a trial court's order is final is set forth in R.C. 2505.02(B), which provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
>
> (5) An order that determines that an action may or may not be maintained as a class action;
>
> (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

Ohio courts have consistently held that the denial of a motion for summary judgment does not fit within any of these statutory categories and is generally not appealable. *See, e.g., Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 9, citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24 (1966). *Compare Royal Paper Stock Co. v. Robinson*, 10th Dist. No. 12AP-455, 2013-Ohio-1206, ¶ 24 (citing cases and holding that a "denied summary judgment motion, even if made in a special proceeding, does not affect a substantial right under R.C. 2505.02 because an 'order,' within the statutory meaning of that word, has not been made, and, instead, the court has retained the case for trial on the merits."). Moreover, where a pure question of law is presented in a denied motion for summary judgment and there is a subsequent trial on the merits, courts of appeals will address the question in an appeal following the trial judgment rather than via an interlocutory appeal. *See generally Gilson v. Am. Inst. of Alternative Medicine*, 10th Dist. No. 15AP-548, 2016-Ohio-1324, ¶ 47 ("an error in the denial of a summary judgment motion that presents a purely legal question is not rendered harmless by a subsequent trial on the merits.").

{¶ 8} There are some exceptions—for example, "R.C. 2505.02(B)(7) provides that an order in an appropriation proceeding may be appealed under R.C. 163.09(B)(3)," *Mill Creek Metro. Park Dist. Bd. of Commr. v. Less*, ___ Ohio St.3d. ___, 2023-Ohio-2332, ¶ 11. Similarly, an appellate court may review "an [interlocutory] order [that] adjudicates fewer than all claims in a case, [and meets] the requirements of both R.C. 2505.02(B) and Civ.R. 54(B)." *Simek*, 2019-Ohio-3901, at ¶ 46. And R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." *Id.* quoted in *Hubbell* at ¶ 9.

{¶ 9} The briefs of appellants' cite *Hubbell*, and *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, and read both cases very broadly to argue that a trial court order denying *any* claimed immunity is final and immediately appealable. *See* Brief of Mid-Ohio Emergency appellants at 13-14 (citing *Hubbell* and claiming without any other support that "[d]enial of immunity affects a substantial right and is a denial of a provisional

remedy"), and Brief of OhioHealth appellants at 10 (citing *Summerville* at ¶ 40 and claiming that "the Supreme Court of Ohio has made clear that an order denying immunity is a final appealable order").

{¶ 10} But the law goes nowhere near that far. Both *Hubbell* and *Summerville* specifically interpret R.C. 2744.02(C), and their holdings are limited to rulings made pursuant to that statute. *See Hubbell*, syllabus ("[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order *pursuant to R.C. 2744.02(C)*"), and *Summerville*, syllabus ("[a]n order denying a motion for summary judgment in which an employee of a political subdivision sought immunity from claims brought under Section 1983, Title 42 U.S. Code is a final, appealable order *pursuant to R.C. 2744.02(C)*"). (Emphasis added.) In fact, all the cases relied upon by the parties that allow an appeal from a denial of summary judgment based on immunity relate only to political subdivision immunity under R.C. 2744.02(C). Of course, that is because R.C. 2744.02(C) specifically and unequivocally makes those orders final and appealable. And as the plaintiff correctly argues, the "conclusion that the Amended Decision is therefore a 'final order,' and immediately appealable, does not follow, because [defendants] are not public employees." (Brief of Appellee The Estate of Emily Reardon at 12.)

{¶ 11} The Mid-Ohio Emergency appellants also reply upon this court's decision in *Newton v. Ohio Univ. School of Osteopathic Medicine*, 91 Ohio App.3d 703, 707-08 (10th Dist.1993) for the proposition that "an immunity determination 'is a final appealable order pursuant to O.R.C. § 2505.02 and Civ.R. 54(B).'" (Brief of Mid-Ohio Emergency appellants' at 14.) But *Newton* involved the appeal of a grant of immunity, not the denial of one. *See Newton* at 707 ("The Ohio Court of Claims eventually found that Dr. Seifer was immune and that no just cause for delay existed. The family [hereinafter "appellants"] have now pursued an appeal to this court."). When a trial court *grants* a defendant's motion for immunity from suit, the case must end as to that defendant. Accordingly, such an order is usually final under R.C. 2505.02(B)(1), because it "affects a substantial right" and "in effect determines the action." Moreover, depending on the type of immunity granted, it may also be "made in a special proceeding." In *Newton*, we concluded that "a ruling which grants immunity pursuant to R.C. 9.86 is an order that affects a substantial right made in a special

proceeding." *Newton* at 708. But those issues are obviously not at present here, where immunity was denied rather than granted. Accordingly, the Mid-Ohio Emergency appellants' reliance on *Newton* is at best unhelpful to their cause.

{¶ 12} The appellants have not identified any statute, rule, or case which would allow an immediate appeal of denial of the immunity they claim. And we do not believe such a rule exists—rather, we agree with the Fifth District's statement in *Clapper v. Little Sandy Creek Ruritan Club, Inc.*, 5th Dist. No. 2021 CA 00095, 2022-Ohio-1920, that "[w]ith the exception of the statutory exception provided in R.C. 2744, Ohio courts do not allow for a review of a denial of summary judgment based on immunity." *Id.* at ¶ 23 (citing comparison cases).

{¶ 13} We conclude that the trial court's order denying the appellants' motions for summary judgment based on immunity is not a final order. This court lacks jurisdiction to address the merits of this case, *see* Ohio Constitution, Article IV, Section 3(B)(2) and *Walburn* at ¶ 13, and we accordingly dismiss these appeals.

*Appeals dismissed.*

JAMISON and BOGGS, JJ., concur.

———————